## SEIGNIOUS v. PATE.

A mortgagee of land, even after condition broken, and upon the insolvency of the mortgagor and insufficiency of the mortgaged premises, is not entitled as of legal right, to have a receiver appointed *pendente lite* to collect the rents and profits of the land to be applied to the payment of the mortgage debt; nor is the mortgagee in such case so entitled in equity, after a general assignment by the mortgagor for the benefit of all his creditors, subject to existing liens.

Before NORTON, J., Darlington, June, 1889.

This was an action by James M. Seignious against Levi S. Pate and G. H. McKee, assignee. The appeal was from an

order refusing a motion for "a receiver of the rents and profits of the mortgaged premises."

*Messrs. Boyd & Brown*, for appellant.

*Messrs. Ward & Woods*, contra.

February 21, 1890.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.  The defendant, Levi S. Pate, being indebted to the plaintiff, appellant, or being about to become indebted for advances and supplies to a large amount, executed a mortgage covering certain lands situated in Darlington and Chesterfield Counties to secure the same.  Some time after the execution of said mortgage, and after default in the payment of indebtedness thus secured, Pate made a general assignment of his property, both real and personal, "for the benefit of creditors, subject, however, to such mortgages and encumbrances as at that time lawfully existed thereon," the said mortgage of the plaintiff then having a legal lien on the said premises.  Under this state of facts, the plaintiff instituted the action below to foreclose his mortgage, and in his complaint he alleged that the mortgaged premises were wholly insufficient to pay the mortgage debt, and further, that the defendant Pate, who was personally liable therefor, was wholly insolvent, and in addition to praying foreclosure of the mortgage, he prayed the appointment of a receiver of the rents and profits of the said mortgaged premises to be applied to his demand; and after answers were put in, he gave notice that upon the record and certain affidavits he would move before the presiding judge at Darlington for an order appointing said receiver of said rents and profits of said premises, as set forth in the complaint.

This motion was accordingly made before his honor, Judge Norton, at the time and place mentioned, who refused it in a brief order, of which the following is a copy, to wit: "The motion here was to appoint a receiver of rents and profits of real estate under suit for foreclosure in this action, which the defendant Pate had included in a general assignment to the defendant McKee for the benefit of all creditors of the former, the assign-

ment reserving the rights of any creditors having lien thereon. The plaintiff has an ordinary mortgage upon said real estate, and contends that he has a prior equity to have the rents applied to his mortgage deed in proportion to the rights conveyed to the defendant McKee by the assignment for the benefit of all the creditors of Pate. I think the assignment conveyed the lands along with the rents and profits, subject to the lien of the plaintiff's mortgage in the land itself, to be enforced by a lien under judgment of foreclosure, and the assignee consequently takes the rents up to that time for the purposes of the trust created by the assignment. It is therefore, without consideration of the other grounds argued, ordered, that the motion be dismissed with ten dollars costs."

The plaintiff appealed, raising substantially but one question in his exceptions, to wit: That his honor erred in holding that the assignment by Pate before the action for foreclosure deprived plaintiff of the right to have a receiver appointed of the rents and profits of the land; and the defendants gave notice that they would sustain the judgment of the Circuit Judge, on the ground that there being no stipulation in the mortgage pledging the rents and profits, that the mortgagee had no right thereto until foreclosure.

It will be observed that the demand for the appointment of a receiver of the rents and profits is based upon the allegations in the complaint, that the mortgaged premises were wholly insufficient to pay the mortgage debt and the insolvency of the defendant Pate. It will be further noticed that the object of having the receiver appointed, was not to preserve the mortgaged premises from waste and destruction, &c., but to have the rents and profits thereof applied to the payment of plaintiff's debt, in addition to the proceeds of said premises upon foreclosure sale. This question brings up for consideration and adjudication the legal rights of mortgagor and mortgagee in the property mortgaged before foreclosure. We suppose it is well settled and well understood by the profession—so well, that it is wholly unnecessary to refer to the decided cases—that in this State since the act of 1791, unlike a common law mortgage, the mortgagor remains the owner of the land, and that the mortgagee is the owner of the debt, the

effect of the mortgage being nothing more than to pledge the land for the payment of the debt, and to give the creditor a lien thereon to secure said payment. Such being the well established character and legal effect of a mortgage in this State under the act *supra*, so long as the mortgagor remains in possession, it would seem to follow logically and necessarily, that in the absence of any pledge by the mortgagor in the mortgage of the rents and profits, that they would legally belong to the mortgagor, with no claim whatever thereon by the mortgagee in advance of a foreclosure, previous to which the mortgagor would have the right to dispose of said rents as he chose. Otherwise the court would make the contract for the parties, instead of the parties themselves, if it assumed to turn over said rents and profits to the mortgagee in the absence of any stipulation to that end, or of any pledge thereof.

It is said, however, that there is an equity in favor of the creditor to have the rents and profits sequestrated for his benefit, when it appears that the mortgaged property is insufficient to pay the debt and the mortgagor is insolvent, and that this equity springs into existence at the time of the execution of the mortgage, and runs with it to be enforced whenever it becomes necessary, with priority over any subsequent assignment or disposition of said rents by the mortgagor, and Coote and Jones on Mortgages are referred to as sustaining this position. We find in Coote (chap. III., page 332) the following: "That although the mortgagor remains in equity the actual owner of the land until foreclosure, entitling him, while in possession, to the receipt of the rents and profits without account; yet equity, regarding the land with all its produce as a security for the mortgage debt, will restrict the right of ownership within those bounds which may not operate to the detriment or injury of the mortgagee."

This much is quoted in appellant's argument, and it is urged that this principle would authorize the sequestration of the rents and profits here; but Mr. Coote in the next paragraph states how and where it would operate. He says: "On this principle equity will interfere to prevent waste by the mortgagor, and for that purpose grant an injunction on bill filed by the mortgagee. But the mortgagee is not, as a matter of course, entitled to an injunc-

tion to prevent the felling of timber by the mortgagor. The court must first be satisfied that the security is insufficient. Mr. Jones, however, does lay down the proposition that the prevailing rule in those States in which the legal title is regarded as being in the mortgagor until foreclosure is, that a receiver will be appointed upon application of a mortgagee after default, &c., whenever sufficient equitable grounds appear, which, in general, are insufficiency of the property and insolvency of the debtor. Jones, 1517. There is nothing said in this section, however, as to the application of the rents and profits. But in section 1516 he further says, a receiver of rents and profits may be appointed *pendente lite* when the mortgage is insufficient, and the party liable is personally insolvent, or where it is provided by the deed that the mortgagee shall have the rents and profits after default—saying: "That the right to have a receiver of the rents and profits appointed pending the litigation depends upon the general principle of equity, that the purpose of such an appointment is to preserve the property so that it may be appropriated to satisfy the decree of the court. A mortgagee, to be entitled to a receiver, must show that it is necessary to interfere with the possession of the mortgagor on account of the inadequacy of the security and the insolvency of the mortgagor. If the mortgagor is doing no injury or waste to the property and is threatening none, &c., a receiver will not be appointed. This relief is given with great caution, and only when the mortgagee has no other adequate remedy."

No case from our own reports has been referred to in which the broad equity doctrine claimed by appellant has been recognized, and without determining now whether or not it exists as a general principle as contended for, we think it could have no application where, as in this case, the mortgagor had already assigned the mortgaged property for the benefit of creditors, subject to the lien of the mortgage. This assignment, made before the suit for foreclosure and while all rents and profits belonged to the mortgagor until foreclosure, carried with it the right in the assignee to receive and apply the same as provided for in the assignment.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.