## WILLIAMS et al. v. NEELY et al.

*(Circuit Court, D. South Carolina. May 30, 1891.)*

1. **ASSIGNMENT FOR BENEFIT OF CREDITORS — EXPENSE OF ADMINISTRATION — MORTGAGES.**
   Where by an assignment for benefit of creditors members of a creditor firm were made assignee and agent for creditors, and it appears upon the settlement of their accounts that a number of mortgages, both of chattels and real estate, had been made to their firm by the insolvent, the expenses of realizing upon the chattel mortgage are properly charged to the creditor firm, since by such mortgages the chattels became the property of the mortgagees, and the only interest which passed to the assignee was the right to demand any surplus remaining on foreclosure; and the expenses of foreclosing the mortgages of real estate were properly charged against the estate, since a mortgage of realty is in South Carolina a mere security, and the title remains in the mortgagor, and passed by the assignment for benefit of creditors.

2. **SAME — EXPENSES OF ASSIGNEE.**
   Where the bulk of the assigned estate consisted of lands in South Carolina, and the assignee and agent for creditors both resided in New York, traveling and living expenses in going to and from their homes are not legitimate items of expense to be charged against the estate.

3. **SAME — COMMISSIONS.**
   Notwithstanding the assignee and agent for creditors are members of a creditor firm, they are nevertheless entitled to commissions on so much money as was paid the firm from the mortgaged realty.

At Law.

*John C. Haskell,* for plaintiffs.

*C. E. Spencer* and *W. B. Wilson, Jr.,* for defendants.

SIMONTON, J. The case comes up on the final report of the assignee and agent of creditors of J. M. Ivy, and exceptions thereto. Ivy, a mer-

chant of Rock Hill, in this state, being in insolvent circumstances, on the 5th day of September, 1885, made an assignment for the benefit of his creditors to Francis W. Williams, of the city of New York. The assignment contains a very general description of property, real and personal, and refers to and makes part of it a schedule containing a description of the real property. This schedule contains 22 tracts or parcels of land, all of which, but a Texas tract, are in South Carolina. The large majority of these have a memorandum attached, "Mortgaged to Williams, Black & Co." Another schedule contains a list of creditors, and the amounts due to them, 31 in number, of whom Williams, Black & Co. are put down for $195,000. It appears that Ivy did his business chiefly with this firm, and that in order to secure them he had executed to them a mortgage covering many parcels of real estate, assigned to them valuable choses in action, and gave them a great many chattel mortgages. Williams, the assignee, was one of the firm of Williams, Black & Williams, and R. P. Williams, another member of the firm, also resident in New York, was elected agent of creditors. They proceeded to administer the estate, have realized the assets, and now file their account. As we have seen, the assigned estate consisted of lands for the most part under mortgage, of choses in action, and personalty, also largely mortgaged. The choses in action and the chattels mortgaged to Williams, Black & Williams, the conditions having been broken, were their property. In them was the legal title, and the only interest conveyed in the assignment was the right in the assignee to demand and receive an account for any surplus remaining after Williams, Black & Williams were paid in full. The assets, real and personal, held by them as security have been realized and applied, and leave a large deficit. Every expense attending the collection of these choses and the foreclosure of these chattel mortgages, including the commissions for collecting them, must fall on Williams, Black & Williams, and cannot be charged against the assigned estate. With the realty is a different condition of things. In South Carolina a mortgage is a bare security for debt. The legal title and the use and possession of the property remain in the mortgagor, the mortgagee having no interest whatever, even in the rents and profits, until he forecloses. *Seignious* v. *Pate,* 32 S. C. 134, 10 S. E. Rep. 880; *Bredenberg* v. *Landrum,* 32 S. C. 1, 10 S. E. Rep. 956. In the present case the assignee necessarily took possession as such of the realty. All sales *in pais* must have been made by him, all taxes paid by him, as owner, and all moneys collected must have been collected by him, and applied to the special debts. All expenses incident to the realty and its proceeds are chargeable upon the assigned estate. In this account are also charged certain items of expenses of the assignee and agent. Both of them were residents of New York. All of the property which was visible was in South Carolina, except the lands in Texas. The assigned estate is liable for all expenses incident to its business. It cannot be made liable for the traveling expenses of the assignee and agent, incurred simply in going from their homes to the place where the business of the assigned estate was conducted; in other words, the general creditors can-

not be made to pay beyond the usual commissions for traveling and living expenses of the assignee. If these were residents of the state of South Carolina, they could not charge the assigned estate for their household expenses and for railroad or car fares in going to and from their homes and their offices. So, being residents of New York, they cannot charge the assigned estate for the expense of going to and returning from the town in which the business of the estate was transacted. Any special expense attending the business of the estate, looking after its property, and collecting or securing its assets, would be a proper charge. It is impossible to ascertain from the accounts filed what, upon these principles, must or must not be charged against the assigned estate.

Notwithstanding that the assignee and the agent of creditors were members of the firm of Williams, Black & Williams, and so creditors of the estate, they are entitled to commissions on so much money as was paid to that firm from the mortgaged realty. In South Carolina an executor who is debtor of the estate is allowed commissions upon notes due by him to the testator, and paid by operation of law. *Griffin* v. *Bonham*, 9 Rich. Eq. 71. An administrator who purchased property of the estate at his own sale was allowed commissions for receiving the money from himself. *Vance* v. *Gary*, Rice, Eq. 2. An administrator who became the guardian of a distributee was allowed commissions as administrator for paying to himself as guardian, and for receiving as guardian from himself as administrator. *Ex parte Witherspoon*, 3 Rich. Eq. 13. The money was received by the assignee and agent in a fiduciary capacity, and paid to their firm as creditors. There is no law requiring the assignee and agent of creditors to invest funds in their hands. They are not liable for interest on balances in their hands. But where it appears that they have used the trust moneys or treated them as their own, like all other trustees, they must account for interest. In this account they charge themselves with interest. This is an admission that they have used the funds in hand. As we are governed by the law of South Carolina in this regard, they must account for interest at the rate of 7 per cent., and not at 6 per cent. Let the case be recommitted, and the accounts stated, in accordance with this opinion.