GREENWOOD LOAN AND GUARANTEE ASSN. v. CHILDS.

1. APPEAL—NOTICE.—Handing attorney an original order with date of filing marked thereon, is not such notice of the filing as is required by Code to give currency to limitation of time to appeal.
2. RECEIVER—MORTGAGE—RENTS.—Mortgagor remains owner of fee in mortgaged lands, and when, after executing a mortgage, he conveys to another who goes in possession under such deed, which is recorded after commencement of foreclosure but before filing of *lis pendens,* the purchaser at such foreclosure sale is not entitled, in action to recover possession, to appointment of receiver to collect rents and preserve the property unless the mortgage provides that rents may be so applied, especially where it does not appear that mortgagor is insolvent or that mortgaged premises are insufficient.
3. DEEDS—RECORDING.—A deed spread on record of deeds is properly recorded, although not indexed. *Armstrong* v. *Austin,* 45 S. C., 69, *affirmed.*

Before                   J., Greenwood, 1902.   Reversed.

Action by Greenwood Loan and Guarantee Association against Rhoda Childs. From Circuit order appointing receiver, defendant appeals.

*Messrs. Graydon & Giles,* for appellant.

*Messrs. Caldwell & Park,* contra.

No arguments furnished.

July 29, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal questions the propriety of an order appointing a receiver *pendente lite* in the above action, which was brought to recover possession of a house and lot in Greenwood, S. C., or alternatively to bar defendant's equity of redemption, if any, therein. Respondent moves to dismiss the appeal upon the ground that notice of intention to appeal was not served in time. The order was

filed in the clerk's office of Greenwood County on the 3d day of January, 1902, on which same day notice of the filing was given to one of the defendant's attorneys by delivering the original order, with the day of filing indorsed thereon. Notice of intention to appeal was served on the 4th day of January, 1902, eleven days after filing of the order. The statute, section 345, Code of Procedure, permits notice of appeal to be given "within ten days after written notice that such order has been granted, or decree or judgment rendered." We do not think that a delivery of the original order, with time of filing indorsed, is a compliance with the statutory method of limiting the time within which to appeal. In the case of *Lake* v. *Moore,* 12 S. C., 563, the appellant had actual knowledge of the judgment, having seen and read it in the clerk's office; but the Court held that such notice did not operate as a written notice limiting the time of making an appeal. The original order in this case after filing was a paper in the custody of the clerk, and neither plaintiff nor defendant had any right to retain it from such custody; so that the delivery of such a paper to defendant could not be substantially different from defendant's reading such paper in the clerk's office, where it properly belonged. In order to limit the time within which an appeal may be taken, there must be a strict compliance with the terms of the statute. The motion to dismiss the appeal must, therefore, be refused.

The application for receiver was made upon the verified complaint and upon affidavits for and against the appointment. By these the following facts appear: (1) Hattie Williams on May 3, 1900, executed to plaintiff a mortgage of the real estate in question, which was recorded same day. (2) Hattie Williams executed to defendant a deed conveying the said property on March 4, 1901, which was delivered to the proper officer for record within two or three weeks thereafter, but was not actually transcribed upon the record book until May 28, 1901. (3) An action to foreclose said mortgage was commenced

against Hattie Williams on May 22, 1901, resulting in a
decree for foreclosure August 9, 1901, and a sale thereunder
in October, 1901, at which plaintiff became purchaser for
$250, and received the master's deed therefor, which was
confirmed.    (4) The defendant, Rhoda Childs, was not
made a party to said foreclosure proceedings.    (5) *Lis
pendens* in said foreclosure proceedings was filed on July
8th, 1901.    (6) The rental value of the property is about
$4 per month, and the value of the property is about
$300.    (7) The defendant is worth nothing over the value
of a homestead, but it is not alleged that the mortgagor is
insolvent nor does it appear the property is an insufficient
security for the mortgage debt, the amount of which is not
stated.

The reasons given by the Circuit Court for the order ap-
pointing a receiver to collect rents, manage, insure and
preserve the property pending litigation, are as follows: "At
the hearing I was in doubt about who held the legal title, the
plaintiff or the defendant; but upon consideration thereof,
the matter is plain to me.    The mortgage to plaintiff and
the foreclosure thereof, would operate to convey the fee, had
Williams not made a deed to defendant.    The mortgage put
the fee where a Court could lay hands on it to subject it
to the payment of the debt.    It was beyond the reach of the
mortgagor to alienate by deed.    The mortgagor only sold
that which she had a right to, to wit: the right to pay the
debt and cancel the mortgage.    If the conveyee or the mort-
gagor still has that right, she can assert it in this action
under the allegations of the complaint; it is only an equity.
*Trimmier* v. *Vise,* 17 S. C., 501; *Agnew* v. *R. R.,* 24 S. C.,
24.    If the plaintiff has the plain legal title, and the defend-
ant is insolvent, then the plaintiff is entitled to an order
appointing a receiver of the property to husband the rents.
Beach on Receivers, sec. 73, *et seq.*"

We think the order appointing a receiver was erroneous.
Since the act of 1791, what is inaccurately called the "equity
of redemption" is the legal estate in the realty subject to the

lien of the mortgage debt. When, therefore, the mortgagor, Hattie Williams, conveyed the mortgaged property to defendant, this "equity of redemption," or legal estate subject to the mortgage lien, passed to defendant on March 4, 1901, before the commencement of the action to foreclose the mortgage. The holder of the "equity of redemption," so called, is a necessary party to the action to foreclose the mortgage, and unless made a party is in no wise concluded by the proceedings. *Rodgers* v. *Jones,* 1 McC. Eq., 321; *S. C. Mfg. Co.* v. *Price,* 4 S. C., 339; 9 Ency. Pl. & Pr., 303—citing many cases. Hence defendant remains owner of the fee in the property, and as such is, of course, entitled to the rents and profits, unless such rents and profits are pledged in the mortgage to the payment of the mortgage debt. It does not appear that such rents and profits are pledged in the mortgage. In the absence of such pledge of rents and profits in the mortgage, the mortgagee, after condition broken and upon insolvency of the mortgagor and insufficiency of the mortgaged premises, is not entitled as of legal right to have a receiver appointed *pendente lite* to collect the rents and profits, nor is the mortgagor in such a case so entitled in equity after a conveyance of mortgaged premises. *Seignious* v. *Pate,* 32 S. C., 134, 10 S. E., 880. The plaintiff not having the legal title, and his mortgage not containing a pledge of the rents and profits, he fails to establish an apparent right to the property, which is the subject of the action, or to the rents and profits thereof, as required in sec. 265, subdivision 1, of the Civil Code of Procedure, regulating appointment of receivers before judgment. Furthermore, there was no apparent necessity to appoint a receiver, because it does not appear that the mortgagor is insolvent nor that the mortgaged premises are insufficient. In so far as it may be advisable to insure the buildings on the premises, a receiver is not needed, since the plaintiff as mortgagee has an insurable interest which it may protect by insurance. The foregoing result seems inevitable, unless the fact that defendant's deed was recorded some days after the

commencement of the action to foreclose the mortgage affects the question. We do not regard that fact as at all changing the situation. It was the duty of plaintiff in the foreclosure proceedings to make sure that the owner of the "equity of redemption" was a party to the foreclosure suit, or brought within the law governing the effect of the filing of *lis pendens.* Sec. 153 of the Code of Civil Procedure provides: "In an action affecting the title to real property, the plaintiff, at the time of filing the complaint, or at any time afterwards * * * may file with the clerk of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property in that county affected thereby; and if the action be for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the parties thereto, and the time and place of recording the same. From the time of filing only, shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby; and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed as subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he had been made a party to the action. For the purposes of this section, an action shall be deemed to be pending from the time of filing such notice" * * * It is very clear that this statute does not place defendant in the position of a "subsequent purchaser," inasmuch as defendant's deed was transcribed upon the record book before the filing of the *lis pendens.*

The respondent, however, argues that the deed to defendant has never been recorded according to law. because it appears by affidavit that while the deed was spread upon the record in deed book No. 3, page 502, it does not appear upon the direct index to deeds, and such indexing is essential to recording. In the first place,

the complaint by implication, at least, alleges that the deed was put upon record on the 28th day of May, 1901, and the Circuit Court finds that the deed was recorded on that day, and no exception has been taken to such finding. This would seem to conclude any inquiry based upon a suggestion that such deed has not been recorded. But if we should consider the affidavit in this regard, the case of *Armstrong v. Austin,* 45 S. C., 69, 22 S. E., 763, concludes appellant's contention, as that case holds that indexing is not essential to recording. We are asked to overrule that case, but we are not prepared to do so.

The order of the Circuit Court appointing a receiver is reversed.