## MITCHELL v. CLEVELAND.

1. EVIDENCE—JUDGMENT.—AN ANSWER in a judgment in another action between other parties, of one through whom plaintiff claims title to land, is admissible to show the existence of a deed.

2. ESTOPPEL.—The plaintiff claiming title through a deceased Clerk of Court is not estopped from proving the title into him by a deed improperly indexed, and which the said Clerk permitted to so remain.

3. EVIDENCE.—A LETTER written by one brother to another, asserting title in the mother, is incompetent to show the addressee did not claim title in absence of his reply.

4. NONSUIT.—There being here *some* evidence tending to show both parties claimed from a common source, nonsuit was properly refused.

5. LIMITATION OF ESTATES.—A DEED conveying a life estate to A. with remainder to B., but providing that A. might sell the fee in case B. died before arriving at maturity, does not vest fee in A. upon death of B. after attaining his majority.

6. WILLS.—Paramount rights of a devisee does not prevent the vesting of rights under the will, but only destroys them *pro tanto* when asserted by the owner.

7. GUARDIAN AD LITEM—MINOR.—Interest of minor in land can only be sued for by guardian *ad litem.*

8. FRAUD.—Creditors alone can attack deed made to defraud them.

9. NONSUIT.—A beneficial interest in land which can only be asserted in a Court of Equity cannot be interposed to defeat legal title on motion for nonsuit in action at law.

10. LIMITATION OF ACTIONS.—Forty years possession mentioned in Code as conferring title does not apply, because that time has not elapsed since enactment of the Code provision, and such statute does not begin to run against remaindermen until falling in of life estate.

11. CHARGE—REAL PROPERTY.—Instruction, if plaintiff has shown a perfect title from R. to herself, and a better title than defendant, she is entitled to recover: (*a*) does not contravene the doctrine that plaintiff must recover upon strength of his own title; (*b*) is not on the facts: (*c*) did not take away from jury question of common source.

12. IMPERFECT INDEXING OF A DEED does not impair the rights of those claiming under it.

*Armstrong* v. *Austin,* 45 S. C., 69, and *Association* v. *Childs,* 69 S. C., 217, *affirmed.*

13. ADVERSE POSSESSION against life tenant is not adverse against remaindermen.

14. REHEARING refused.

Before KLUGH, J., Spartanburg, September, 1906. Affirmed.

Action by Minnie V. Mitchell, in her own right, and as guardian for the infant, Margaret Mitchell, against Jesse Cleveland.

From judgment for plaintiff defendant appeals on following exceptions:

"1. Because the presiding Judge erred in allowing the introduction of evidence against the objections of the defendant, as follows:

"(a) The answer of Margaret Trimmier in the case of Dodd against Rowland *et al.,* the error in its introduction being: It undertook to prove the fact that a deed had previously been made of the land involved in this suit to H. J. Rowland for the benefit of Margaret Trimmier, by Margaret Trimmier's collateral statement, rather than by the best and competent evidence, viz: the deed itself. It undertook

28—76

to show the contents and terms of the deed just mentioned, when the deed itself was the best evidence of such contents and terms. The answer amounted at best to no more than a statement under oath of Margaret Trimmier as to the provisions of the deed to H. J. Rowland, referred to, and it was incompetent to introduce such a statement to show the contents and terms of such deed, even if there was proof that such deed had been lost. The introduction of this answer was further incompetent, for the reason that there was no sufficient evidence before the Court of the loss of said deed alleged to have been made to H. J. Rowland. The answer was not competent evidence, as a statement of Margaret Trimmier made against interest, so as to be binding upon the defendant in this case.

"(b) The answer of H. J. Rowland in the case of *Dodd* against *H. J. Rowland et al.*, the error in its introduction being: It undertook to prove the fact that a deed had previously been made of the land involved in this suit to H. J. Rowland, for the benefit of Margaret Trimmier, by H. J. Rowland's collateral statement, rather than by the best and competent evidence, viz: the deed itself.

"It undertook to show the contents and terms of the deed just mentioned, when the deed itself was the best evidence of such contents and terms. The answer amounted at best to no more than a statement under oath of H. J. Rowland as to the provisions of the deed to H. J. Rowland, referred to, and it was incompetent to introduce such a statement to show the contents and terms of such deed, even if there was proof that such deed had been lost.

"The introduction of this answer was further incompetent, for the reason that there was no sufficient evidence before the Court of the loss of said deed alleged to have been made to H. J. Rowland. The statements in the said answer were mere hearsay, and, therefore, incompetent. The plaintiffs were allowed to introduce in evidence report of the case of *Trimmier* against *Darden*, in 61 S. C., page 220. This was error, for the reason that it was not the best evi-

dence of the records and other facts therein contained, and further, because all the matters in the said action were *res inter alios acta*, and not binding upon the defendant here.

"2. Because the presiding Judge erred in refusing to allow the witness, R. J. Gantt, to testify in behalf of the defendant that in examining the title to a part of this Trimmier land, he was unable to find the record of any deed for such land to Margaret Trimmier, F. M. Trimmier, or any other Trimmier; the error being that inasmuch as the plaintiff claimed title under F. M. Trimmier, who was for many years clerk of Court, it was entirely competent for the defendant to show by this evidence that he allowed an irregular and incorrect record of the deed under which the plaintiffs claimed through him to remain on the books, did nothing to have it corrected, or to make any claim of title to the property involved in this action, and, therefore, he and the plaintiffs claiming in his right were estopped from asking a recovery in this action, and the evidence was competent on such question of estoppel.

"3. Because the presiding Judge erred in refusing to allow the defendant to introduce in evidence as a circumstance tending to show that F. M. Trimmier made no claim to this property, a letter written to him by his brother, Theodore Trimmier, of date August 14, 1859, holding that the contents of such letter were hearsay evidence.

"4. Because the presiding Judge erred in refusing to sustain the position taken by defendant on motion for nonsuit that the plaintiffs had failed to trace their title back to a grant, or to such a possession as would presume a grant, or to a common source as the defendant's only claim of title, and that there was no evidence tending to show any of these facts, and in not sustaining the motion for a nonsuit on this ground.

"5. Because the presiding Judge erred in not sustaining the defendant's motion for nonsuit, on the ground that the evidence offered by the plaintiffs showed affirmatively that Margaret Trimmier had claimed the title to the land in dis-

pute from a source and by a title prior to, entirely different from, and independent of, the title through which the plaintiffs claim, and that, therefore, there was no question of fact to be submitted to the jury.

"6. Because the presiding Judge erred in not holding on the motion for nonsuit, that even if Margaret Trimmier's only claim of title was through the deed from H. J. Rowland to Hiram Mitchell, executed in 1843, that under a proper construction of that deed, Margaret Trimmier had the right upon the death of F. M. Trimmier, without children, to convey or will the fee simple title to the land embraced therein, and the proof showing that she had done this, the motion for nonsuit should be granted.

"7. Because the presiding Judge erred in not holding, on the motion for nonsuit, that even if the only claim of title Margaret Trimmier had to the land in dispute was through the deed of 1843, inasmuch as the estate F. M. Trimmier held in the land was a remainder interest, and by his will he undertook to .give the remainder interest to his mother for life, the life estate so undertaken to be given to his mother was absolutely void, and all subsequent interests depending thereon, including those given under F. M. Trimmier's will to the plaintiffs in this action, failed, and in not sustaining the motion for nonsuit on this ground.

"8. In not holding on the motion for nonsuit that under a proper construction of the will of F. M. Trimmier, and under the laws of the State of South Carolina, the said F. M. Trimmier did not intend, and if he did intend, could not have legally effected such intention, viz: to give his remainder interest after the death of Margaret Trimmier, the only interest he had in the estate, if he had any interest at all therein, to Margaret Trimmier for life, and at her death to his sister, Margaret L. Trimmier, for life, and on her death to the plaintiff, Minnie V. Mitchell, and on her death to her children, and that as the testator could not have had any such intention under a proper construction of the said will, he must be considered to have died intestate as to his

interest in such lands, if he had such interest, and if not, on this ground sustaining the motion for nonsuit.

"9. Because the presiding Judge erred in not holding, on the motion for nonsuit, that the plaintiff, Margaret Mitchell, was not entitled to recover in this action, as she could not in any event have any interest in the land before the death of her mother, and in not, therefore, at least sustaining the defendant's motion for a nonsuit as to the plaintiff, Margaret Mitchell.

"10. Because the presiding Judge erred in not holding, on the motion for nonsuit, that the deed of 1843 from H. J. Rowland to Hiram Mitchell, trustee, was absolutely void, and the previous deed to H. J. Rowland, if such deed ever existed, was also absolutely void, for that, according to the plaintiff's own testimony, both deeds were, if made at all, made for the express purpose of defeating creditors of William Trimmier, and the latter deed for the further reason that is was never recorded, and in not, therefore, on this ground, granting the motion for nonsuit.

"11. Because the presiding Judge erred in not holding, on the motion for nonsuit, that even under the plaintiff's testimony, Mrs. Margaret Trimmier had a beneficial interest in the land in dispute prior to the deed of 1843, and that the only way in which the said Margaret Trimmier could legally part with her interest in the said property, so as to cut off her heirs at law from inheriting the same, was by renouncing her inheritance under the statute of the State of South Carolina then of force, and there being no evidence of such renunciation, it was error for the presiding Judge to refuse to grant the motion for nonsuit on this ground.

"12. Because the presiding Judge erred in charging the jury that the fact that Mrs. Margaret Trimmier could not take the life estate given to her in the land in dispute by F. M. Trimmier under his will, and if he did will it to her, did not necessarily destroy the gift of the second life estate of Margaret L. Trimmier, and the third to the plaintiff in this action, when he should have held that the failure of the

first life estate destroyed all subsequent estates resting upon it.

"13. Because the presiding Judge erred in charging the jury that if they believed from the testimony that a deed was made by H. J. Rowland to Hiram Mitchell, as trustee for Margaret Trimmier for life, and at her death to Franklin M. Trimmier, and that subsequently F. M. Trimmier willed his remainder interest to his mother, Margaret Trimmier, and at her death to Margaret L. Trimmier, and at her death to Minnie V. Mitchell, and if she died leaving a child or children, to go to them, otherwise to go to other persons, then, and in such case, the plaintiff and her child held a fee simple title in the said land, subject to the contingencies named in the will of F. M. Trimmier, when he should have held that the will of F. M. Trimmier, properly construed, was never intended to give to Margaret Trimmier a life estate in any remainder interest in the said land, and that if so intended, it was absolutely void, and that any subsequent estate resting upon it was also void.

"14. Because the presiding Judge erred in charging the jury as follows: 'So if you find that at the termination of the life interest of Mrs. Margaret Trimmier, some person under whom defendant claims, under whom he derives title, took possession of this land, and excluded F. M. Trimmier, or those to whom he had willed the property from all interest of F. M. Trimmier in it, then that would give rise to the running of the statute of limitaions. And if that holding continued notoriously and actually for ten years or more, it would oust the parties who sought to derive title under F. M. Trimmier, and would mature into a perfect title, which might be passed by partition sale, or any other sale to the defendant in this case. But it would require full ten years' possession by some one person after the death of Mrs. Margaret Trimmier before such a title by adverse possession could mature;' and again, in other portions of his charge to the same effect, the error being that such charge was in violation of that principle of law that one may join

his possession with that of the persons with whom he inherits, in order to make out a defense of adverse possession, and such charge deprived the defendant in this case from setting up the defense that the adverse possession of Miss M. L. Trimmier, and of her heirs after her death, gave to the defendant a perfect title in the land in dispute.

"15. Because the presiding Judge erred in charging the jury that the provisions of Section 109 of the Civil Code of South Carolina have no application to this case, inasmuch as forty years have not expired since the enactment thereof, when he should have held and instructed the jury that if the evidence in this case showed that the defendant in this action, in connection with the parties by and through whom he claims title, have been in possession of the land in dispute for forty years, then the plaintiffs were not entitled to recover, and further, that if the jury believed from the evidence that the possession of the defendant, taken in connection with the previous possession of the parties by and through whom he claimed under a written instrument, had existed for forty years—his possession should be taken as valid against the world.

"16. Because the presiding Judge erred in charging the jury that the proper construction of the deed made by F. M. Trimmier to M. L. Trimmier in 1871 was that he thereby gave to her a life interest in the land therein conveyed, and on her death a life interest to his mother, Margaret Trimmier, when he should have held that if the said deed had any reference whatsoever to the land in dispute in this case, it was intended to convey to the said parties all the right, title and interest the said F. M. Trimmier had therein.

"17. Because the presiding Judge erred in charging the jury as follows: 'So, if you find that the plaintiff has established her complete title, a perfect title from Rowland down to herself, and a better title than that of the defendant, then plaintiff is entitled to recover the land. If she has not established a better title than that of the defendant, then she is not entitled to recover,' the error being:

"(a) The charge ignored the principle of law which requires a plaintiff to recover from a defendant upon the strength of his own title, and not upon the weakness of the defendant's title.

"(b) The charge was a charge upon the facts, in violation of the constitution of the State of South Carolina prohibiting such a charge, in that it instructed the jury that if the plaintiff established a good title from Rowland down to herself, then she was entitled to recover, and took away from the jury the disputed question of fact whether both parties claimed from a common source.

"18. Because the presiding Judge erred in charging the jury that the indexing of the deed from H. J. Rowland to Hiram Mitchell, without making it appear upon the index that such conveyance was to Hiram Mitchell as trustee for Margaret Trimmier for life, and then to F. M. Trimmier, or at least to Hiram Mitchell as trustee, was sufficient compliance with the laws requiring such indexing; and further, that even if it was not a good and sufficient indexing in law, that the failure to index said deed properly took nothing from the force and effect of the record thereof, when he should have held that the indexing of a deed is and was at the time this deed was recorded, a part of the record thereof, and that there was no such legal and sufficient indexing here as to make said record constructive notice to the defendant and others.

"19. Because the presiding Judge erred in charging the jury as follows: 'If you find plaintiff was in ignorance of her rights and failed to assert them because she was in ignorance of them, why then, she cannot be estopped, and on the other hand, if you find that the public record gave notice to the defendant, and gave him an opportunity of knowing that the title to this land was not clear, then he is bound by that notice. Where a person is not purchasing, and is ignorant of any right he may have, the law does not make it his duty to go and inquire and find out those rights. But if you find that he knew, or reasonably could know his rights, then

the law makes it his duty to make known his rights.   On the other hand, where a person undertakes to buy land, the law avails him notice, and makes it his duty to take notice of any and all facts which may exist, and which will affect the title which he undertakes to buy; so, if you find here, even though plaintiff knew he was buying, yet if plaintiff was in ignorance of any right plaintiff had in the premises, why no estoppel can arise, and it is incumbent on the defendant to show by a preponderance of the evidence that the plaintiff did know, that the plaintiff did have any knowledge of her right at the time, and that she concealed her knowledge with the intention of inducing defendant to buy, put himself in the possession of a purchaser, before the plaintiff can be estopped to assert her claim,' the error being:

"(a) It violated the general rule of law that a paper properly recorded is as much constructive notice to one person as to another, although one of the persons is about to purchase the land embraced in such deed.

"(b) If it be true that the deed from Rowland to Mitchell was so recorded and indexed that the record thereof was constructive notice, such constructive notice was chargeable to the plaintiffs just as to all other persons, and having such constructive notice, the obligation was upon her to assert her title, and if, with this obligation resting upon her, she not only failed to assert such title, but acted in such way as to lead the defendant and others to believe that she made no claim to the property, then she would be estopped from prosecuting this action, and the charge of the Judge, being in conflict with this view of the law, was error.

"20. Because the presiding Judge erred in charging the jury as follows: 'If Minnie V. Mitchell, if her right only arose by way of remainder after the death of Margaret L. Trimmier, then, although Margaret L. Trimmier may have been claiming adversely to the right of Franklin M. Trimmier, still, the right of Minnie V. Mitchell to assert any claim could not have accrued until the death of Margaret L. Trimmier, and therefore, no holding by Margaret L. Trim-

mier could be a trespass as against Minnie V. Mitchell until the right of Minnie V. Mitchell to assert her right to the land accrued to her, and right to bring action accrued.' It is true in this case that the only claim of right the plaintiff, Minnie V. Mitchell, had was through the will which gave her a life estate after the expiration of a previous life estate in Margaret L. Trimmier. It is also true from our standpoint that Margaret L. Trimmier did not claim this land under the will just mentioned, but by a superior and older title, independent and opposed to such will. It was, therefore, error of law for the presiding Judge to charge the jury as he did in the instruction just quoted in this exception, in effect that it was beyond the power of Margaret L. Trimmier, even by the strongest kind of denial of any claim under the will of F. M. Trimmier, to put the plaintiff, Minnie V. Mitchell, upon the assertion of her right, so as to complete adverse possession against her.

"21. Because the presiding Judge erred in refusing the defendant's motion for a new trial on the ground, among other grounds, that the verdict of the jury was uncertain, irregular and void, in that it did not designate the plaintiff in whose favor it was rendered.

"22. Because the presiding Judge erred in holding upon the motion for new trial that there was only one plaintiff before the Court, to wit: Minnie V. Mitchell, and that the verdict of the jury in favor of the plaintiff was, therefore, not void for uncertainty.

"23. Because the action, having been brought in favor of Minnie V. Mitchell and Margaret Mitchell, and the verdict of the jury having been rendered in favor of the plaintiff, any judgment entered thereon was and is void for uncertainty, and consequently illegal."

*Messrs. Simpson & Bomar* and *Ravenel & Gantt,* for appellant, cite: *On exceptions to evidence:* 1 Green., sec. 558; 3 Wig., secs. 1308-9; 61 S. C., 220; 13 S. C., 30; 70 S. C., 389. *As to construction of deed:* 35 S. C., 314;

46 S. C., 370: *As to construction of will:* 4 Kent., 235; 2 Wash. Real. Prop., sec. 1547: *Verdict is uncertain and should be set aside:* 18 S. C., 381; 22 Ency. P. & P., 877; 3 Brev., 118.

*Messrs. H. B. Carlisle* and *Jos. A. McCullough,* contra, cite: *As to construction of will:* 21 S. C., 513; 4 Rich. Eq., 298; 69 S. C., 285; 54 S. C., 413; 50 S. C., 514. *Creditors can only attack deed made to defraud them:* 53 S. C., 489; 14 Ency., 280. *Forty years' possession does not apply:* 59 S. C., 440; 4 Johns, 390. *Index of deed is no part of record:* 45 S. C., 69; 67 S. C., 25. *There is no estoppel by conduct when party is ignorant of his rights:* 42 S. C., 351; 26 S. C., 186; 31 S. C., 154; 13 S. C., 370, 29.

The opinion in this case was filed on March 9, 1907, but remittitur held up on petition for rehearing until

March 26, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. The facts out of which this controversy arose are thus succinctly stated in the argument of the respondent's attorneys:

"Plaintiff instituted her action against the defendant, alleging that defendant was in possession of a certain lot of land in the city of Spartanburg, county and State aforesaid, in which the plaintiff, in her own right, had a life interest with remainder to Margaret Mitchell, for whom she also brought action in the capacity of guardian *ad litem.* Her chain of title is as follows:

"1. Deed dated 25th of March, 1843, H. J. Rowland to Hiram Mitchell, recorded Book 'Y,' page 251. This deed conveyed to Hiram Mitchell, as trustee, the property in dispute in trust for Margaret Trimmier (grandmother to plaintiff) for her life, and at her death to her son, Marion Franklin Trimmier (father to this plaintiff), 'to him and his heirs

forever,' but the deed further provided that, 'if the said Marion Franklin Trimmier shall decease before he arrives at the age of twenty-one years, then and in that event, the said Margaret Trimmier may, by deed or will and testament, duly executed, dispose of and convey the remainderman's estate,' etc. This clause, however, does not concern us here, since the said Marion Franklin Trimmier survived the age of twenty-one. This property was known as the old Trimmier home-place, and the testimony is undisputed to the effect that the said Margaret L. Trimmier, the said Francis Marion Trimmier and his sister, Margaret L. Trimmier, hereinafter mentioned, all resided on it as a home-place.

"2. Deed from Marion Franklin Trimmier to M. L. Trimmier (his sister) in 1871. By this deed he conveyed to the said Miss M. L. Trimmier, all his right, title and interest in the lot of land described in the complaint to the said Miss M. L. Trimmier for her life time, and at her death to Mrs. Margaret Trimmier (his mother) during her life, which deed was duly recorded in Book 'O. O. O.,' page 416.

"3. Last will and testament of Marion Franklin Trimmier, who died on the 17th day of August, 1888, devising to his mother, Mrs. Margaret Trimmier, for her life, all his real property, and at her death, then to his sister, Margaret L. Trimmier, her life, and at her death, to his daughter, Minnie Trimmier (the plaintiff), and further providing that in case the said plaintiff died without children, then over to certain nephews and nieces. The testimony shows that Miss M. L. Trimmier was appointed administratrix of Francis Marion Trimmier with will annexed, and accepted the benefits under this will.

"4. Mrs. Margaret Trimmier died on the —— day of November, 1889, leaving a will in which she devised all of her property, both real and personal, to her daughter, Margaret L. Trimmier and appointed the said daughter administratrix of the said will. The property in question was not specifically mentioned or referred to.

"5. The said Margaret L. Trimmier died on the 3d day of May, 1897, intestate, and her property, including the real estate in question, was partitioned by order of the Court of Common Pleas among her heirs at law. This plaintiff was not a party to this action. At this sale, the defendant, on the 3d day of January, 1902, purchased the lot in question and went into possession thereof, and has been in possession ever since.

"This action was instituted on the 2d day of April, 1904.

"The answer of defendant was, in effect, a general denial, alleged title by adverse possession, interposed the plea of the statute of limitations, alleged that plaintiff and those through whom she claims were estopped by their conduct from asserting their rights, and that the defendant was a purchaser for value and without notice of the rights of plaintiff, since the deed of 1843 from Rowland to Mitchell, as trustee, was improperly indexed, in that the said index did not refer to the fact that Margaret Mitchell was the *cestui que trustent.* The case was heard by Judge Klugh and a jury, at the September term, 1905, of the Court of Common Pleas for said county and State, and the jury, under the charge of the Court, returned a verdict for the plaintiff for the land in question, and from judgment entered thereon this appeal was taken."

The appellant's exceptions will be reported and considered in their regular order.

*First exception:* In 7 Enc. of Law (1st ed.) 76, it is said: "All judgments whatever are conclusive proof as against all persons of the existence of that state of things, which they actually effect, when the existence of the state of things so effected is a fact in issue, or is, or is deemed to be, relevant to the issue." The Court in *Koogler* v. *Huffman,* 1 McC., 495, thus states the rule: "In the argument below, it was contended that the decree and proceedings in Court of Equity, ought not to be given in evidence, because the defendant was not a party to them; and

the general doctrine that judgments cannot be given in evidence, except between parties and privies was relied on. As to this form of objection, the law is clear, upon any collateral matter, any judgment or decree may be introduced. All that is meant by the rule is that the rights of a party cannot be determined on conclusively, unless he be a party" —citing, Philipps, 226; Gilbert, 54; Buller, N. P., 244; 2 Espinasse, 457. The language of this case is quoted with approval in *Phillips* v. *Yon.,* 61 S. C., 426, 39 S. E., 618; *Martin* v. *Ragsdale,* 71 S. C., 67, 50 S. E., 671, and *Carlisle* v. *Farrow,* 74 S. C., 527, and is conclusive of the questions presented by this exception.

*Second Exception:* The record shows that this question arose as follows: "R. C. Gantt, witness for defendant, being sworn, testifies as follows: Direct examination by Mr. Simpson: Q. Since this action has been begun or this claim made, have you or not searched in the clerk's office to see if there is any deed on record there any where from Land to H. J. Rowland? A. Yes, sir. Q. Have you found any such deed? A. None at all. Q. Is there such a deed on record? A. No deed from Land to Rowland or to Mitchell that I could find—none from Land to Trimmier. Q. Did you make an investigation of part of this land? A. Yes, sir. Q. Before it was paid for— part of the same tract? A. Yes, sir. Q. Did you find any deed of 1843? Mr. McCullough: We object. We do not see what difference it makes whether Mr. Gantt found it or not. If it was there on record it is constructive notice. That is a question for your Honor to determine as a question of law and not for this witness. I cannot see what possible bearing it has on this case whether he found it or not. Court: I do not think it is relevant.'

In this ruling the Court fails to discover any error.

*Third Exception:* In setting out the documentary evidence, the record contains the following statement: "A letter dated August 14, 1859, purporting to have been writ-

ten by Theodore Trimmier, to his brother, Franklin Trimmier, from Tuscaloosa county, Alabama, in which, among other things, he wrote: 'I am sorry to hear that the prospect is so gloomy in your section of the country. Tell mother to sell out and come to Alabama, take wagons and horses and negroes in payment. She ought to get three thousand dollars for the place, but sell anyway.' This letter was ruled out."

In the absence of testimony showing what response F. M. Trimmier made to the letter it was irrelevant.

*Fourth and Fifth Exceptions:* There was at least some testimony to the effect that the parties claimed title from a common source.

*Sixth Exception:* We are unable to discover in the deed any words sustaining the contention of the appellant, and the construction placed upon the deed by his Honor, the Circuit Judge, is satisfactory to this Court.

*Seventh, Twelfth and Thirteenth Exceptions:* It will thus be seen that the appellant contends, as Margaret Trimmier took a life estate in the property under the deed of 1843, and, as F. M. Trimmier, by his will, devised to her a life estate, and after her death, a life estate to his sister, Margaret L. Trimmier, with remainder to the plaintiff herein, that the effect of devising the life estate to Margaret Trimmier was to prevent the vesting of the other estates, which F. M. Trimmier attempted to create by said will. The rights of the parties under the will must be determined alone by reference to the facts appearing upon the face thereof, even though extraneous evidence shows that one of the devisees is possessed of rights, paramount to those conferred by the testator. The paramount right of the devisee does not prevent the vesting of rights under the will, but only destroys them *pro tanto* when asserted by the owner.

No doubt it is essential to a remainder that it be supported by a preceding estate, but in this case the remainder

to the plaintiff was preceded by two life estates. Under this construction the manifest intention of the testator is given full effect.

*Eighth Exception:* This exception cannot be sustained for the reason that the language of the will is directly opposed to the contention of the appellant.

*Ninth Exception:* The presiding Judge ruled that there was only one plaintiff before the Court, to wit: Minnie V. Mitchell—as the proper mode of making the infant a party would have been to bring the action in the name of Margaret Mitchell by Minnie V. Mitchell, her guardian *ad litem.* The ruling was in accord with the well settled practice in this State.

*Tenth Exception:* We are under the impression that this exception was withdrawn; it, however, cannot be sustained for the reason that creditors are not alleging fraud.

*Eleventh Exception:* Conceding that Margaret Trimmier had a beneficial interest in the land prior to the execution of the deed in 1843, it would be necessary to resort to the equitable jurisdiction of the Court for its assertion, and it could not be interposed upon a motion for nonsuit in this action, which is legal in its nature.

*Fourteenth Exception:* The charge states the general principle correctly, and there are no facts in this case applicable to the exception to the general rule, for which the appellant contends.

*Fifteenth Exception:* The ruling of the presiding Judge is sustained by the case of *Sutton* v. *Clark,* 59 S. C., 440, 38 S. E., 150. Furthermore, the statute does not run against a party while he is unable to assert his rights, by reason of the fact, that there is an outstanding life estate.

*Sixteenth Exception:* By reference to the deed, it will be seen, that a life estate was conferred upon Margaret L. Trimmier and Margaret Trimmier, but the remainder was not disposed of.

*Seventeenth Exception:* The charge stated the law correctly, and is not obnoxious to the objections set out in the exception.

*Eighteenth Exception:* The ruling of the presiding Judge is sustained by the cases of *Armstrong* v. *Austin,* 45 S. C., 69, 22 S. E., 763, and *Association* v. *Childs,* 67 S. C., 251, 45 S. E., 167.

The appellant was granted permission to review these cases, but the Court adheres to its former ruling.

*Nineteenth Exception:* We fail to discover in this charge any prejudicial error, as the doctrine of estopped is inapplicable to this case.

*Twentieth Exception:* The ruling of the presiding Judge is sustained by the cases of *Moseley* v. *Hankinson,* 25 S. C., 519; *Rawls* v. *Johns,* 54 S. C., 395, 32 S. E., 451; *Rice* v. *Bamberg,* 59 S. C., 498, 38 S. E., 209.

*Twenty-first, Twenty-second and Twenty-third Exceptions:* The reasons assigned by the presiding Judge in disposing of the questions presented by these exceptions are satisfactory to this Court.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

PER CURIAM, March 26, 1907. After careful consideration of the petition herein, this Court has failed to consider that any material question of law or of fact has either been overlooked or disregarded.

It is therefore ordered that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.