9896

JOSEY v. SMITH *ET AL.*

(95 S. E. 133.)

MORTGAGES—APPOINTMENT OF RECEIVER.—A mortgage clause, that the mortgagor should hold and enjoy the premises until default in payment, did not imply an agreement to surrender after default, which warranted appointment of receiver upon the mortgagee's application, in the absence of a pledge of the rents and profits; for, the mortgagor being the legal owner until foreclosure, an agreement to retain a part of his right will not be construed as surrender of all other rights.

Before MEMMINGER, J., at chambers, Bishopville, March 5, 1917.

Appeal from order appointing receiver. Reversed.

*Mr. A. B. Stuckey,* for appellant, cites: 32 S. C. 134; 34 S. C. 77; Code of Procedure 2075; 28 S. C. 184; 33 S. C. 251.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondents.

January 29, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent makes a clear statement of the issue, in part, as follows:

"This is an action brought by the plaintiff for an accounting on the part of the defendant, Martha C. Smith, as to the payments made on a mortgage owned by her, and to redeem the mortgaged premises. The defendant, Martha C. Smith, served a verified answer, set out in the case, and on this answer, moved for the appointment of a receiver. This motion having been granted, the plaintiff appeals.

"Statement of Issues. There is only one issue in the case, to wit, whether or not the Judge should have appointed a receiver for the mortgaged premises. The exception sug-

gests two reasons why the appointment was erroneous, to wit:

"(1) That there was no provision in the mortgage contract authorizing the appointment of a receiver.

"(2) That the mortgage contract contained no assignment of the rents and profits, or other use, of the mortgaged premises.

"Argument.   We   concede,   at   the   outset,   the   rule announced in the cases of *Association v. Childs,* 67 S. C. 251, 45 S. E. 167, and *Seignious v. Pate,* 32 S. C. 134, 10 S. E. 880, 17 Am. St. Rep. 846, but contend that these decisions are not binding on us in the present case.   These cases held that a mortgagee is not entitled to the appointment of a receiver, in the absence of a pledge of the rents and profits in the mortgage."

The respondent relies upon the following clause of the mortgage to sustain the appointment of a receiver:

"And it is agreed by and between the said parties that Jack J. Josey is to hold and enjoy the said premises until default of payment shall be made."

The respondent claims that an agreement to hold until default implies an agreement to surrender after default. We have been cited to no authority (we know of none) that warrants such construction.   The mortgagor is the legal owner until foreclosure, and an agreement to retain a part of his right will not be construed as surrender of all other rights.

The order appointing a receiver is reversed.