### JOHNSON v. JOHNSON.

1. IMMATERIAL ERROR.—The mistake made by the Circuit Judge in his decree, in stating the pleadings, that one of the defendants was "an heir at law," corrected; but as it was a wholly immaterial matter, it furnishes no ground for a reversal.

2. ANSWER—DENIAL.—An answer that admits the making of the deed set forth in the complaint, but expressly denies its delivery, and states the circumstances which go to show a non-delivery, is not an argumentative denial of the validity of the deed, but a specific denial.

3. PARTITION—LEGAL ISSUES—FACTS—APPEAL.—In action for partition of land, one of the defendants having claimed exclusive title in himself, a purely legal issue, triable by jury, was thereby raised; and this issue having been tried by the court by consent, the findings of fact involved in the judgment are not reviewable on appeal.

4. IBID.—IBID.—DEED—DELIVERY—EVIDENCE.—Where plaintiffs claim partition of land as heirs of B, under an alleged deed from A to B, and allege that defendant C is one of these heirs, but has been in exclusive possession, and C denies delivery of the deed from A to B, and claims as vendee of A, and where the plaintiff brings out all the facts surrounding the execution of the deed from A to B, then C may introduce testimony to show non-delivery. The attestation and verification of delivery by witnesses, the renunciation of dower, and the record of the deed, are evidence of delivery but not irrebutable proof.

5. DEED—DELIVERY—FRAUD—EVIDENCE.—Evidence by grantee is competent to show that a prior deed by his grantor was *not delivered* because the occasion for its execution was avoided before delivery, though that occasion involved an intended fraud by the grantor.

6. EXCEPTIONS—RULES OF COURT.—An exception alleging that the testimony of a witness "was incompetent and should be ruled out," is too general for consideration under the rules of this court. Rules of court are not intended to thwart appellants, but should be enforced when invoked.

7. IMMATERIAL ISSUE.—It is not proper to pass upon the question of rents and profits claimed by plaintiffs in action for partition where the judgment reached is that they have no interest in the land.

Before NORTON, J., Chesterfield, September, 1894.

Action by William J. Johnson against J. Henry Johnson and others, commenced on June 20, 1892. The Circuit decree, omitting its statement of the pleadings (which is less full than that of the opinion) was as follows:

The issue as to the title depends upon whether there was or was not a delivery of the deed mentioned by Wm. K. Johnson to Queen Ann Johnson. This, along with the other issues in the case, was referred to W. J. Hanna, special referee. He found that the deed had not been delivered, and I concur with him. I think, however, that I should pass upon the competency of the testimony objected to by the plaintiff, as stated in his exceptions. The answer does not make the admissions alleged in his 7th, 8th, and 9th exceptions. The plaintiff mistakes the introduction of a circumstance tending to prove, by giving a reason, the non-delivery of the deed, the setting up a plea for the invalidity of a delivered deed, because it was fraudulent. These exceptions are overruled. The 10th and 11th exceptions are sustained. The declarations of W. K. Johnson are incompetent, not because they are subsequent declarations, but because they are declarations as to the performance of an act—*i. e.*, delivery—which does not give character as to his possession, concerning which there is no issue, but relates to the state of his title, and, therefore, could only be admissible if considered as against his interest, and introduced by the plaintiff. The other exceptions are overruled. Those relating to rents and improvements are not considered, because, after finding that the deed from W. K. Johnson to Queen Ann Johnson was never delivered, it was not necessary to pass upon these redundant issues. It is adjudged, that the complaint herein be dismissed.

The plaintiff appealed on sixteen grounds. The first is stated in the opinion. Exceptions 2 to 13, inclusive, in different forms, alleged error in rulings relating to the delivery of

the deed from W. K. Johnson to Queen Ann Johnson in the following particulars, to wit: in admitting evidence to show fraudulent intent by the grantor, and his intent not to deliver, including his declarations prior to the making of the deed; in admitting testimony of Edward McIver; in admitting testimony to show that other like deeds by grantor to other persons were not delivered, and testimony that this deed was never delivered; that delivery to an officer for record was not conclusive proof of delivery, where the grantee was *sui juris.* The other three exceptions were as follows: "14. Because his honor erred in refusing to consider the question of improvements, and rents and profits. 15. Because his honor erred in sustaining the finding of the referee that Queen Ann Johnson was not present on the day when the deed was signed by the grantor and probated, when such finding is without any evidence to support it, and is contrary to the evidence. 16. Because the occasion never arrived for W. K. Johnson to commit upon the United States Government the fraud he meditated, that fact was no evidence to show that he did not intend, and did not deliver, the deed to Queen Ann Johnson, and it was error in his honor to sustain the finding of the referee, that it was such evidence as would support that finding."

*Messrs. E. J. Kennedy* and *W. F. Stevenson,* for appellant.

*Messrs. R. T. Caston* and *Edward McIver,* contra.

July 10, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff commenced this action on the 20th day of June, A. D. 1892, in the Court of Common Pleas for Chesterfield County, in this State. The complaint substantially alleged that Queen Ann Johnson departed this life during the year 1886, leaving her surviving as her heirs at law the plaintiffs and the defendants, except J. Henry Johnson; that the said Queen Ann Johnson died seized of a tract of land, containing 800 acres, situate in Chesterfield County, which tract of land had been conveyed to the said Queen Ann Johnson by her father, W. K. Johnson, by deed bearing date the 23d day of August, 1881; that the said W. K. Johnson by his deed con-

REP.] April Term, 1895.

veyed to the defendant, J. Henry Johnson, his undivided one-seventh interest in said land, and thereafter, to wit: on day of December, 1887, died intestate; that the said J. Henry Johnson has been for several years in possession of the entire tract of land, taking to himself alone all the rents and profits thereof. And the complaint continues by setting up the usual averments to procure a partition of the land, and that the said J. Henry Johnson do account for the rents and profits thereof.

To this complaint the defendant, J. Henry Johnson, alone answered. In his answer he admits the death of Queen Ann Johnson, and that she was survived by the persons named in the complaint as her heirs at law. Also, that W. K. Johnson died at the time set out in the complaint; but he denies each and every allegation therein contained, except as are specifically admitted. He alleged that he was the owner in fee simple of the lands in question, and denies that the plaintiff and other defendants have any right, title or interest in or to the rents and profits thereof. We insert the third paragraph of the answer in its entirety, as great stress is laid upon its terms by the appellants: "He further alleges, that he is informed, and believes, that W. K. Johnson, his grantor, did, in August, 1881, intend to execute to his children deeds to certain tracts of land, he being at that time threatened with prosecution in the Federal courts for having in his possession tobacco not properly stamped; and being advised that he could thereby effect a settlement at less loss and expense, he went as far as to have a deed written, purporting to convey the land described in the complaint to the said Queen Ann Johnson; that he signed the same, had same entered on record, and took from said Queen Ann a note as for the purchase money; all of which was done for the purpose stated; but the defendant alleges that the said prosecution having been abandoned, and the said charges against the said W. K. Johnson having been dismissed, the said deed was not delivered to the said Queen Ann Johnson, nor was said land ever claimed by her. He further alleges that the said W. K. Johnson conveyed said land with the full knowledge of said Queen Ann, and without objection from her. That these facts were all known to all the parties to this action; and he further al-

leges, that the said tract of land was purchased in the name of his father for this defendant, and that he paid the purchase money at the time of said purchase, and, in fact, the said land was his before it was deeded to him by the said W. K. Johnson. He further alleges the said claim is pretensive, and that she and her representatives are estopped from setting up the same against this defendant.'' The answer further alleges that defendant had no knowledge or information of said claim until the commencement of this action; that said land was conveyed to him by his father during the lifetime of said Queen Ann, and thereupon he took possession of the same, with the full knowledge of all parties to this action, and commenced to improve the same, and that his improvements amount to $1,000.

All the issues of law and fact were referred to W. J. Hanna, Esq., as special master, by consent. This special master made his report of his findings of fact and conclusions of law, accompanied by all the testimony taken by him. Plaintiff excepted to this report on numerous grounds. When the cause came on to be heard before his honor, Judge Norton, he sustained two of the exceptions relating to certain testimony, but he sustained all the other findings and conclusions of said special master, and gave judgment dismissing the complaint. From this judgment the plaintiff and two of the defendants, Mary E. Johnson and Diana Brown, now appeal, and present sixteen exceptions. Let the exceptions and judgment of Judge Norton be reported. Council engaged in the cause have made it very interesting to us by their ability and ingenuity, but we may be pardoned for announcing, after a careful study of the ''Case'' and those arguments, that our decision is restricted to a narrow compass.

The first exception imputes to the Circuit Judge as reversible error the fact, that in stating who alone answered the complaint he stated it thus, ''the defendant, J. Henry Johnson, one of the heirs of Queen Ann Johnson, alone answers,'' when the fact was, that in the pleadings it was agreed that said J. Henry Johnson, while a half-brother, was not an heir of Queen Ann Johnson. No reliance was placed upon the matter of J. Henry Johnson being such an heir. There was no issue of that character in the cause. It was, therefore, an

immaterial circumstance—of no practical import whatever. It was an inaccuracy, and should have been avoided by the Circuit Judge. However, it needs that no argument shall be made, or authority cited, to establish the proposition that such an immaterial circumstance, in no way affecting an issue in the cause, would not be permitted to play such an important part as reversing a judgment. Let the exception be sustained, but let it be noted that it does not affect the judgment.

The next twelve exceptions, beginning with the second and ending with the thirteenth, inclusive of both named, relate, in one way or another, to the question of delivery of the deed from W. K. Johnson to Queen Ann Johnson of the tract of land in dispute, and may, therefore, be considered together. In one of the arguments for the appellant, it is insisted that the defendant, J. Henry Johnson, admitted in his answer that the deed was delivered. This question of admission by defendant in his answer, so far as the exceptions show, does not seem to have been presented to the Circuit Judge, and was not distinctly passed upon by him. If the appellants considered that it was admitted by J. Henry Johnson in his answer, why did they themselves introduce proof on this point? If the fact was admitted by the defendant, they did not need any proof of it. But we suggest that, in our construction of the pleadings of the defendant, he nowhere admitted delivery of the deed. Indeed, it was the basal rock of his defence that such deed, though signed and sealed, *was not delivered.* It was to show this fact that we quoted that portion of the answer of J. Henry Johnson which related to it.

But it is suggested in the argument that the answer of J. Henry Johnson is what is called an argumentative denial of delivery, and in support of this proposition a quotation is made of the recent work, Encyclopedia of Pleading and Practice, vol. 1, p. 799, and cases cited. We cannot so regard the answer. The plaintiff in his complaint alleged that W. K. Johnson conveyed by deed the land in question to his daughter on the 23d day of August, 1891. Now for a conveyance by deed to be operative in transferring title to land, the deed must be signed, sealed, and *delivered.* Therefore, when the defendant

answered this complaint, he admitted the signing and sealing, but denied delivery. Not only so, but he gave all the circumstances connected with such signing and sealing as well as recording under our registry laws. If the appellants had read at page 804 of the Encyclopedia of Practice and Pleading, he could have found this statement of law: "While the weight of authority is in favor of allowing a general denial to be coupled with admissions and explanations, still such a form of answer must be clear and unequivocal in its admissions. The court in construing it will remove all doubts against it, and hold that it admits allegations, unless it positively indicates a purpose to make the question it purports to put in issue one of the contested issues on the trial"—quoting our case of *Lipscomb* v. *Lipscomb*, 32 S. C., 243, in support of the text. Applying this principle to this answer, we cannot see how it can be concluded otherwise than that by its allegations it squarely put in issue the fact of delivery of the deed of Queen Ann Johnson to this land. *Lipscomb* v. *Lipscomb*, *supra*, held that when the signing a note was admitted, but its delivery to the payee denied, alleging that said note was delivered to a third person to be held until the adjustment of certain partnership matters between plaintiff and defendant, that the delivery to the plaintiff of the note was not admitted.

Before proceeding any further, it may not be amiss to settle the question as to whether, under the pleadings here, so far as title to this land is concerned, there is raised a legal or an equitable issue; for if it is a legal issue as to the title, primarily, it is triable, under our laws, by a jury. This, however, the parties to the action may waive, as in this case; but when such jury trial is waived, such issue is tried by the special master or Circuit Judge, subject to all the restrictions of a trial by jury, among which restrictions is that this court cannot review any findings of fact, but are restricted to the correction of errors of law. This doctrine is now so firmly established, that there is scarcely need to cite any authorities in its support. Attention is, however, called to *Reams* v. *Spann*, 28 S. C., 530; *Carrigan* v. *Evans*, 31 *Id.*, 266; *Capell* v. *Moses*, 36 *Id.*, 559; and *Sires* v. *Sires*, 43 *Id.*, 266. In the case at bar, title

to the land is alleged on the one hand and denied on the other, thus raising a legal issue. This being so, we are confined to the consideration of the alleged errors in regard to the incompetency of certain testimony. The Circuit Judge refused to allow any statements as to this title made by W. K. Johnson, deceased, in his lifetime, after the deed was made, to be considered as competent testimony.

It is with earnestness and ability contended by appellant's counsel that, inasmuch as the tender by them was an issue as to one title, to wit: that of Queen Ann Johnson, as derived from her father, that, therefore, the defendant, J. Henry Johnson, should have been confined to such issue in his testimony. Appellants forget two things: one, that J. Henry Johnson in his answer alleged that his father, W. K. Johnson, on 23d of August, 1881, did intend to execute *deeds to his children* to certain tracts of his land, in view of and to avoid certain complications, and that this deed was prepared with this view; and the second, that the plaintiff himself, in his testimony in chief, brought out of his own witness, W. J. Huffman, a full reference to those deeds, of which that purporting to be to Queen Ann Johnson was included. It is too late now for him to complain; he has opened wide the door to all this testimony. In addition to all this, we must frankly say, that the testimony was pertinent to the issue of fact as to *delivery* of the deed. Delivery is a question of fact. It cannot shut off inquiry in a court of justice, that a witness to a will has said, in his signature to the same, that "he saw the will signed, sealed, and delivered by the testator in our presence, as his last will and testament, and we, in the presence of the testator, and in the presence of each other, have signed the same as witnesses thereto." If such was not the fact, he can be interrogated touching the same. So as to deeds; that a witness says: "Signed, sealed, and delivered in our presence," is no impediment to his swearing the truth in court that he saw no such thing, or be allowed to tell what he saw. Many witnesses may not know what the term "delivery" in law imports. They can tell the facts that surrounded the purported execu-

tion of the deed, and from these facts it will be determined whether there was a delivery.

In.speaking of delivery, this court said, in *Carrigan* v. *Byrd,* 23 S. C., 89, "the delivery of a deed is composed of two constituent parts, *an intention* to deliver, and *an act* evincing a purpose to part with the control of the instrument." All this testimony related to the fact of delivery. How can you tell what a man intends, unless you are allowed to have testified what he said, what he did, or what he wrote, at the time the intention in question is alleged to exist? As we remarked in another place in this opinion, *delivery* is essential to a deed being operative. It need not be that the delivery be actually made by the grantor to the grantee; there are facts sometimes proved that, in law, supplies such actual delivery. Here the appellants lay a great stress upon the deed being recorded in the office of the register of mesne conveyance for Chesterfield County seven days after its date, also that it was probated by the oath of one of the witnesses who subscribed the same, also that the wife of W. K. Johnson renounced her dower, as showing delivery of the deed. These are but circumstances to be considered in reaching a conclusion as to delivery. No one, or all, of them amount to proof of delivery; they may all be explained away, if it can be done.

Again, appellants suggest that J. Henry Johnson and Edward McIver, Esq., were not competent witnesses. The objection to the testimony as to J. Henry Johnson was that he was attempting to expose a fraud in which he was concerned.

It is true, this witness was threatened with a prosecution for having unstamped tobacco in his possession at the time his father, W. K. Johnson, was in a similar fix, but it was W. K. Johnson who had the notes and deeds prepared to evade punishment, not J. Henry Johnson. This did not render him incompetent. But it is suggested that he is allowed, in this way, to attack as fraudulent a deed of his own grantor, and, therefore, his testimony is incompetent. Appellants make the mistake of supposing that this is an effort to set aside W. K. Johnson's deed to Queen Ann Johnson because of fraud. No such issue exists. The effort here is to show that no such deed

was delivered, and in doing this, it is developed in testimony what W. K. Johnson's scheme was touching the preparation of the deed, and how the failure of the prosecution prevented any delivery. The testimony was not incompetent.

Now, as to the question as to Mr. Edward McIver's testimony, exception 5 states: "Because the testimony of Edward McIver, Esq., was incompetent, and should have been ruled out, and his honor erred in sustaining the ruling of the referee, holding that it was competent." The respondents insist that the appellant has not complied with Rule V. of this court touching the mode required in stating the exception, so as to bring before the court what the error of law is that is complained of. Subdivision 7 of Rule V. says: "When error of law is alleged, the facts or conclusions of fact to which such error relates." As we have often held, these rules of our court are designed to guide the bar in their preparation of appeals to this court; they are meant to assist, not thwart, appellants. Still, they must be enforced, if their infraction is called to our attention. In this case, as we before remarked, respondents have called upon us to enforce the rule. Is there anything in the exception that points out any fact or conclusions of fact wherein the court erred in holding this testimony competent? There is not. And, therefore, this exception cannot be considered. *Adler* v. *Cloud*, 42 S. C., 272.

We have thus disposed of the questions of competency of testimony in a case on the law side of the Circuit Court. We have no power to consider the sufficiency of the testimony.

The 14th exception complains that his honor erred in not passing upon the question of rents and profits. When it is remembered that the Circuit Judge decided that there was no delivery of the deed from W. K. Johnson to Queen Ann Johnson, it would have been a useless act on his part to make any direct finding on rents and profits claimed by plaintiff; if she had no title, of course, she could not claim rents and profits.

The 15th exception relates to a question of fact, which question we cannot consider on the law side of the court below. The 16th exception is similar to the 15th, and is governed by

3    the same rule.  It follows that there was no reversible error here.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.