## LATIMER v. TROWBRIDGE.

1. EVIDENCE.—Incompetent evidence, admitted without objection, becomes competent.
2. IBID.—LIMITATION OF ACTIONS.—PRESUMPTION OF PAYMENT—JUDGMENTS.—The time during which a defendant is absent from the State must be deducted from the time required by the statute to bar an action on a judgment, and the same rule applies to the presumption of payment from lapse of time. Such absence is to be proved by same kind of evidence as ordinary facts.

Before WITHERSPOON, J., Greenville, November, 1896. Reversed.

Action by Joseph P. Latimer *v.* W. N. Trowbridge, as administrator of W. C. Trowbridge. Motion for nonsuit granted. Plaintiff appeals.

*Mr. Joseph A. McCullough,* for appellant, cites: *In proceedings to revive judgment by summons, plaintiff is not required to show non-payment:* 14 S. C., 221. *But rule is otherwise in an action on a judgment:* Code, 311. *Evidence of plaintiff sufficient to rebut presumption of payment:* 16 S. C., 52. *Incompetent testimony becomes competent when admitted without objection:* 20 S. C., 343; 24 S. C., 594; 22 S. C., 46. *When leave of Court to sue on a judgment is obtained, a new cause of action arises:* Code, 309, 310, 311; 4 Rich., 509; Code, 91, 131; 40 S. C., 264. *Time of defendant's absence cannot be counted in:* Code, 121; 34 S. C., 165; 4 Rich. Eq., 154.

*Messrs. Cothran, Wells & Ansel,* contra, cite: *Lapse of twenty years extinguishes debt, in absence of such testimony as would revive a note barred:* 17 S. C., 481; 25 S. C., 305; 2 S. C., 496; 22 S. C., 402; 11 S. E. R., 164; 20 Pa. St., 503. *Payment or acknowledgment in writing can alone take cause out of bar of Statute:* 17 S. C., 487; 20 S. C., 51, 26, 576; 25 S. C., 233; Code, 131, 309, 310; 16 S. E. R., 296; 31 S. C., 1; 33 S. C., 354; 18 S. E. R., 861. *Presumption begins*

*to run when judgment is entered up:* 18 S. C., 324; 25 S. C., 232.

March 30, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This action was commenced on the 2d of June, 1896, for the purpose of recovering the amount due on a judgment which the plaintiff had obtained, in the Court of Common Pleas for Greenville County, against defendant's intestate, on the 28th of September, 1871. The defense relied on was the statute of limitations and the presumption of payment arising from lapse of time. The plaintiff, after offering the record of the judgment in evidence, testified, without objection, that no part of the amount due on the judgment had ever been paid, unless it was paid to the sheriff, and then offered the deputy sheriff (the sheriff being sick at the time), who testified that, so far as he knew, and so far as the records of the sheriff's office showed, no part of the amount due on the judgment had ever been paid. The plaintiff then offered the testimony of sundry persons residing in Kalamazoo, in the State of Michigan, to the effect that defendant's intestate moved to that State in 1870 or 1871; that he married there "in the seventies;" that his wife died in 1892, and that soon thereafter he moved back to this State. One of those witnesses, Flora Anderson Weaver, when asked where Mr. and Mrs. Trowbridge lived after they were married, and until the death of Mrs. Trowbridge, replied: "Part of the time in Michigan and part of the time in South Carolina. Their home was here" [Kalamazoo, Mich.], "but they spent some of their winters in the South." That witness also testified that while W. C. Trowbridge was a citizen of the State of Michigan, he was a registered voter therein for both State and municipal elections, having registered first on 5th of November, 1870, and again on the 22d of October, 1882—it being admitted on the trial that all qualified voters in Michigan were required to register every ten years. Charles H. Gleason, the city clerk of Kalama-

zoo, testified that W. C. Trowbridge was registered as a voter in that city on the 19th of February, 1884—the act of incorporation of said city having gone into effect in 1884; that he was again registered on the 2d of April, 1891; and that "he was marked as removed on the 1st of April, 1893."

At the close of plaintiff's testimony, counsel for defendant moved for a nonsuit, which was granted, because the Court was "of opinion that plaintiff has not introduced evidence of the character required by section 311 of the Code, and the decided cases, sufficient to rebut the presumption of payment of the judgment sued on arising from lapse of time." From this judgment plaintiff appeals, on the several grounds set out in the record, which need not be set out here, as the only real question in the case is, whether the plaintiff had introduced *any* evidence tending to rebut the presumption of payment arising from lapse of time.

The foregoing statement shows that the action in this case was not commenced until after the expiration of twenty years from the date of the original entry of the judgment upon which the plaintiff bases his action; and the Circuit Judge seems to have based his conclusion upon the fact that the plaintiff had introduced no evidence of the character of that which he thought was required by section 311 of the Code of Procedure to rebut the presumption of payment arising from the lapse of twenty years from the date of the original entry of the judgment. That section reads as follows: "Nothing in the two preceding sections contained shall be construed to prevent an action upon a judgment after the lapse of twenty years from the date of the original entry thereof, and a recovery thereon, in case it shall be established, by competent and sufficient evidence, that the said judgment, or some part thereof, remains unsatisfied and due." The two preceding sections are 309, providing that final judgment shall be liens upon real estate for the period of ten years from the date of the entry thereof, and also how such judgments shall be revived; but also providing that a judgment shall not in any case constitute

a lien on any property of the judgment debtor after the lapse of twenty years from the date of its original entry; further providing that a judgment shall not be a lien upon the homestead; and finally providing that this section shall not be so construed as to affect the lien of judgments entered prior to the 1st of March, 1870. The other section referred to (310) provides that executions may issue upon final judgments at any time within ten years from the date of the original entry thereof, or within ten years from the date of any revival of the same, and shall have active energy during said periods without renewal; provided, that the execution shall not issue or be renewed in any case after the lapse of twenty years from the date of the original entry of the judgment; besides other provisions as to executions, which do not seem pertinent to the present inquiry. It would seem, therefore, that the object of section 311 of the Code was to repel any inference that might possibly be drawn from the provisions of 309 and 310 that, after the lapse of twenty years from the date of the entry of a judgment, no proceeding of any kind could be instituted to enforce the payment of any amount that might still remain "unsatisfied and due," by expressly authorizing an action on such judgment and a recovery thereon, if "it shall be established, by competent and sufficient evidence, that said judgment, or some part thereof, remains unsatisfied and due." But the section does not prescribe what shall be either "competent" or "sufficient" evidence, and, therefore, that must be determined by the general principles of law, under which the competency of evidence is determined by the Court and its sufficiency by the jury. The question which we are called upon to determine, arising under a motion for nonsuit, since neither the Circuit Court nor this Court can consider the *sufficiency* of the evidence, must be determined by us alone upon the question of *competency.* The general rule, undoubtedly, is, that testimony, which would otherwise be incompetent, becomes competent when it is received without objection. *Burris* v.

*Whitner*, 3 S. C., 510, which has been followed in a number of subsequent cases. The rule applies even in a criminal case. *State* v. *Hicks*, 20 S. C., 341. In this case, it appears that the plaintiff and the deputy sheriff were both permitted, without objection, to testify that no part of the amount due on the judgment had ever been paid; and, under the rule above referred to, this testimony, even if otherwise incompetent, became competent, and its sufficiency should have been left to the jury.

But it is contended by counsel for respondent that the well-settled rule is, that the presumption of payment arising from the lapse of time can only be rebutted by such evidence as would be required to take a case out of the operation of the statute of limitations; and the cases of *Boyce* v. *Lake*, 17 S. C., 481, and *Sartor* v. *Beaty*, 25 S. C., 293, are cited to sustain, and do sustain, this view. This doctrine, as will be seen by reading those cases, and others of like tenor, is drawn from the analogy furnished by the provisions of the statute of limitations; and, accordingly, counsel for respondent, following that analogy, relies upon sec. 131 of the Code of Procedure, which reads as follows: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby; but payment of any part of principal or interest is equivalent to a promise in writing." Now the title in which this section is found relates entirely to the statute of limitations, and cannot, therefore, be applied, except by analogy, to the doctrine of presumption of payment from lapse of time. But if we follow the analogy furnished by the provisions of the statute of limitations, we must follow such analogy throughout; for, certainly, it will not be contended that the Court should follow this analogy so far as it may operate to the benefit of the defendant, and ignore it when it operates against his interest. There is another provision found in this same title, embodied in sec.

121, which materially affects the question we are consider-ing, which reads as follows: "If, when the cause of action shall accrue against any person, he shall be out of the State, such action may be commenced within the terms herein respectively limited, after the return of such person into this State; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this State, or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." In the comparatively recent case of *Burrows* v. *French*, 34 S. C., 165, this Court had occasion to construe the section just quoted, and in that case, at page 196, after considering the authorities upon the point there involved, used the following language: "This, too, seems to be in conformity with the evident intention of the legislature, for it is manifest that the purpose was to declare the limitations of time within which the doors of our Court should be open for the enforcement of the several causes of action mentioned in the statute; and as the doors of the Court are, practically, not open for that purpose until the person to be charged comes within the jurisdiction, provision has been made that the time of such limitation shall not commence to run until the Courts are practically open for the enforcement of a given cause of action against the particular person sought to be charged thereby; and the statute even goes further, and provides, by the second clause of section 121 of the Code, that: 'if after such cause of action shall have accrued, such person shall depart from and re-side out of this State, or remain continuously absent there-from for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.' This shows that the legislature intended that a creditor should have the full period of six years in a case like this [twenty years in a case like the one now under consideration], *while his debtor was within the reach of the process of the Court,*

to bring his action, except where his temporary absence was for a period of less than one year." Now, as there certainly was some testimony tending to show that defendant's intestate, the judgment debtor, was "out of the State" when the judgment was recovered against him, inasmuch as such judgment was entered on the 28th of September, 1871, and as the testimony not only tends to show that he became a resident of Kalamazoo, in the State of Michigan, in 1870 or 1871, but also that he was first registered there as a voter on the 5th of November, 1870, and was again registered as a voter on the 22d of October, 1882, again on the 19th of February, 1884, and again on the 2d of April, 1891, and was finally marked as removed on the 1st of April, 1893, it is very clear that there was some evidence that defendant's intestate was absent from the State from the time the judgment was recovered until some time in 1892, when his wife died, soon after which he returned to this State, as one of the witnesses testified. So that without entering upon the somewhat mooted question as to when a cause of action on a judgment accrues, as may be seen by reference to the cases of *Lee* v. *Giles*, 1 Bail., 449; *Pinckney* v. *Singleton*, 2 Hill, page 346; *Norwood* v. *Manning*, 2 N. & McC., 395; *Vandiver* v. *Hammett*, 4 Rich., 509; *Shooter* v. *McDuffie*, 5 Rich., 61; *Clark* v. *Conner*, 2 Strob., 346; *Parnell* v. *James*, 6 Rich., 370; *Ligon* v. *McNeil*, 6 Rich., 377, and *Copeland* v. *Todd*, 30 S. C., 419; and assuming for the purposes of this case only that the cause of action accrues so soon as the judgment is entered, it is quite clear that there was some evidence tending to show that defendant's intestate was absent from the State when the cause of action accrued, and that question should, therefore, have been left to the jury; for if that had been found to be the fact, then the plaintiff would have been protected from defendant's plea of the statute of limitations, under the provisions of sec. 121 of the Code, and would also have been protected from the plea of payment by lapse of time. If the analogy of the statute of limitations is to be followed so as to bring the

case within the operation of sec. 131, it must also be followed so as to bring the case within the operation of sec. 121.

In the oral argument before this Court, counsel for respondent referred to the case of *Garrett* v. *Weinberg*, 48 S. C., 28, but we are unable to see what application that case has to this. There, it was held, and very properly held, that, under the well settled rule of property, the minority of one of several tenants in common, would protect the rights of the adult tenants against the plea of the statute of limitations resting upon adverse possession, but would not protect the rights of the adult tenants in common against the presumption of a deed from lapse of time; and Mr. Justice Gary, in delivering the opinion of the Court, refers to the case of *Hill* v. *Sanders*, 4 Rich., 521, as showing why the rule does not apply to the presumption of a deed. The reason of the rule is based upon and grows out of one of the peculiar incidents of an estate of tenancy in common, by which tenant is seized *per my et pour tout;* and, therefore, if adverse possession cannot be pleaded against any one of the tenants in common by reason of his minority, it cannot be pleaded against any of the others; for, if there can be no adverse possession against one, there can be none against any of the tenants in common. See *Thompson* v. *Gaillard*, 3 Rich., at pp. 422 and 423. But this manifestly does not apply to the presumption of a deed; and hence the distinction so properly recognized by Mr. Justice Gary, in *Garrett* v. *Weinberg*. We are unable, therefore, to see what application that case has to this.

Counsel for respondent also relies upon the provision of the act of 1879, now incorporated in the Rev. Stat. as sec. 1961, as construed in *Henry* v. *Henry*, 31 S. C., 1; but that provision has no application to this case, for two reasons: 1st. Because it related solely to the *lien* of judgment and mortgages, and there is no question here as to the lien of the judgment—in fact, so far as appears, it never had any lien; for, under the law as it stood at the time this judgment was obtained—in 1871—judgments were not liens,

and there is nothing to show that any steps were taken to make it a lien under the subsequent act of 1873. 2d. But the more conclusive reason is that it was distinctly held, in *Henry* v. *Henry*, *supra*, that the act of 1879 had no application to judgments recovered after the adoption of the Code; and this judgment was recovered since that time. It seems to us, therefore, that, in any view of the case, the Circuit Judge erred in granting the motion for a nonsuit, as there was some evidence to rebut the plea of the statute of limitations, as well as the plea of payment, based upon the presumption of payment arising from lapse of time, upon which the case should have been left to the jury.

The judgment of this Court is, that the judgment of the Circuit Court be, and the same is hereby, reversed, and that the case be remanded to that Court for a new trial.