## 6541

### McCUTCHEN v. McCUTCHEN.

1. LANDLORD AND TENANT—ADVERSE POSSESSION.—PRESUMPTION OF GRANT.—Under the facts in this case, it cannot reasonably be inferred that a son who went into possession of land belonging to his father by his permission, has acquired a title by adverse possession, or that his possession was such as to raise a presumption of a grant. General rule as to how one going into possession of land under permission may show title in himself, stated.

2. EVIDENCE—DECLARATION OF DECEDENT—ADVANCEMENTS.—When son enters into possession of land by permission of the father and there is no sufficient evidence that he acquired title by adverse possession or grant, admission of declaration of the deceased father that he intended the land as an advancement to his son, is harmless error.

3. SUBMISSION TO PARTITION COMMISSIONERS OF VALUATION OF LANDS ADVANCED AND IMPROVEMENTS thereon by heir is within discretion of trial justice.

Before PURDY, J., Lee ————.. Affirmed.

Action by James E. McCutchen, in his own right and as administrator *et al.*, against Martha S. McCutchen *et al.* The Circuit decree, omitting formal parts, is as follows:

"This action was begun by the plaintiffs above named, in March, 1904, who set out in their complaint:

"That on the 24th day of December, 1902, Dr. Elias G. McCutchen, late of the county of Sumter (afterwards Lee County), departed this life intestate, leaving as his heirs at law and distributees, his children, James E. McCutchen, Mary C. Brown, plaintiffs above named, Elias G. McCutchen, Jr., now deceased, and Martha S. McCutchen, Elias H. McCutchen (infants over the age of fourteen years), and Louise C. McCutchen and William W. McCutchen (infants under the age of fourteen years), the children of his predeceased son, who are defendants above named.

"That thereafter letters of administration were duly granted to the plaintiff, James E. McCutchen, upon the

9—77

estate of the said Elias G. McCutchen, Sr., deceased, and that the debts have all been paid and that more than a year has elapsed since the granting of said letters of administration.

"That thereafter, to wit: on the 17th day of March, 1903, the said Elias G. McCutchen, Jr., departed this life intestate, leaving as his heirs and distributees his widow, the plaintiff, Louise A. McCutchen, and his brother, the plaintiff, James E. McCutchen, his sister, the plaintiff, Mary C. Brown, and his nephews and nieces, the defendants, Martha S. McCutchen, Elias H. McCutchen, Louise C. McCutchen and William W. McCutchen, who are children of his predeceased brother, William McCutchen, and that at the time of his death the said Elias G. McCutchen, Sr., was seized and possessed in fee simple of the several tracts of land in Lee County, which are hereinafter described.

"The plaintiff seeks partition of these lands, including the tract of one hundred and forty-nine and one-half acres hereinafter described, which was purchased by Dr. McCutchen in 1880, and which he had put into possession of his said son William, as they allege, as an advancement on account of his prospective interest as an heir at law and distributee of his father. The defendants answer admitting the allegations of the complaint as to the other tracts of land, but as to the tract of one hundred and forty-nine and one-half acres aforesaid, and setting up various defenses, to wit: that the plaintiffs have not been seized within twenty years; twenty years adverse possession; and presumption of a grant and of a deed. There has been no effort made to upset the paper title of Dr. McCutchen to the tract of land in dispute. The possession of William having begun as permissive holding, could never ripen into title by adverse possession until sufficient time had elapsed after an actual ouster of his father by William, and there was no proof of ouster.

"The defendants contend that William purchased the tract of land from his father by several years of service on his farm. The defense of purchase by William by services

rendered his father is untenable, for that William rendered more service to his father than the other children of the family under like circumstances, especially the plaintiff, James E.

"According to the testimony, the plaintiff, James E. Mc-Cutchen, lived with his father until his marriage, serving him as a dutiful son and receiving no educational advantages other than the common schools afforded, and so far as the testimony discloses, receiving no regular compensation; and that ever since his marriage he has attended to his father's outside business. William appears to have lived with his father and to have performed certain services for him, but the evidence is that the father, whose health had long since failed, did not attempt any large agricultural undertakings, but that his personal farm was small, and that he, though an invalid, gave close attention to his own affairs, actually being carried out and watching his laborers from a platform in a fence corner where he would have himself laid. It seems to me that the services rendered by William were not as valuable as contended for by the defendants. At the same time there is evidence undisputed that, in addition to his board and lodging with his father, that he had been sent to school in Virginia until his health failed, and that he had had a more or less expensive course at a business college in Atlanta. The defendant, Mrs. Durant, herself testifies that William was allowed some extra land and time in which to work it; but above all the free use and occupation of the tract of land was a very important concession.

"The father purchased the tract of land and put the son in possession of it. If he had made him a deed therefor, by way of gift, the law would have presumed that he intended an advancement. In the absence of a deed, the plaintiffs might have claimed partition of the tract of land in dispute, along with the balance of the estate, without conceding to the defendants that it was an advancement, but in pursuance of their father's intention in the matter, have alleged it was so intended.

"I am forced to the conclusion that Dr. McCutchen put his son, William, in possession of this land in dispute intending it as an advancement to be accounted for by his son at the distribution of his estate, and I so hold. The value of that tract of land must, therefore, be accounted for by the parties defendants in the partition, along with the balance of the real estate, but as there is not sufficient evidence before me to determine the value of the tract in dispute, or the time of the death of Dr. McCutchen, I think that the commissioners in partition should be guided by the rule governing the analogous proceeding of the admeasurement of dower, and the practice of this Court is to require the commissioners to assess the land as of the date of the death of the husband, with interest from that time, in conformity with that statute.

"The statute in reference to advancement, is as follows:

" 'But in case any child, or the issue of any child, who shall have been so advanced, shall not have received a portion equal to the share which shall be due to the other children (the value of which portion being estimated at the death of the ancestor, but so as that neither the improvements of the real estate by such child or children, nor the increase of the personal property, shall be taken into the computation), then so much of the estate of the intestate shall be distributed to such child or issue as shall make the estate of all the children to be equal.'

"It appears from stipulation of counsel noted in the testimony that the plaintiff, Louise A. McCutchen, has departed this life leaving as her heirs at law and distributees, Mrs. Ella Scarborough, E. R. Scarborough, Liddie Scarborough, Edith Scarborough, D. E. Scarborough and Julia Josey, but that thereafter Mrs. Ella Scarborough departed this life leaving the last five named of her codistributees as her heirs and distributees, so that they, taking amongst them the one-eighth share of the plaintiff, Louise A. McCutchen, are entitled each to one-fifth of one-eighth, or one-fortieth of the whole estate.

"I find that the several parties plaintiffs, including the substituted parties, are entitled to said estate in the following proportions, to wit: the plaintiffs, James E. McCutchen and Mary C. Brown, each to seven twenty-fourths thereof; the substituted plaintiffs, E. R. Scarborough, Liddie Scarborough, D. E. Scarborough, Edith Scarborough and Julia Josey, each to one-fortieth; and that the defendants (the children of William McCutchen, deceased), together with their mother, Mrs. Mary Jane Durant (who is entitled to one-third interest in said tract of one hundred and forty-nine and one-half acres), are together entitled to seven twenty-fourths of the whole estate. So that if the said tract (*assessed* as hereinbefore directed), should be found equal to seven twenty-fourths of said estate, then said tract should be assigned to the defendants as tenants in common in the proportions indicated, with leave to apply at the foot of this decree for an order to partition said tract amongst them; and to leave to any party to apply for any further order herein. But if said tract of one hundred and forty-nine and one-half acres (when so assessed) should not amount to *seven-tenths* of said estate, then so much of the balance should be assigned to them as to give the children of William *seven-tenths* of the estate, including, however, the *one-third interest of Mrs. Durant* in the tract of one hundred and forty-nine and one-half acres. Let a writ of partition issue out of this Court in accordance with the provisions herein contained."

From this decree, defendants appeal on following exceptions:

"First. Because his Honor erred, it is respectfully submitted, in holding and deciding that the tract of land containing one hundred and forty-nine and one-half acres was or was intended to be an advancement to his son, William McCutchen, deceased, and that the same should be charged as such an advancement against his widow and his children, the defendants in the above stated action; because, it is

respectfully submitted, there was no competent legal evidence in the cause that said tract of laid was such advancement to his predeceased son, William McCutchen.

"Second. Because his Honor erred, it is respectfully submitted, in receiving and considering the testimony for the plaintiffs over the objection of the defendants, as to the declarations of the intestate with reference to said tract of land as an advancement, and that he erred in receiving and considering the testimony of the witnesses for the plaintiffs, Thos. J. McCutchen, James E. McCutchen, and others, in reference thereto, and should have held that the declarations of the intestate were hearsay, were self-serving declarations, and were within the inhibition of section 400, of the Code of Procedure.

"Third. Because his Honor erred, it is respectfully submitted, in not holding and deciding that the said tract of one hundred and forty-nine and one-half acres of land was sold, turned over and delivered to his son, William McCutchen, deceased, not as an advancement, but as compensation for services long rendered by his son, William McCutchen, to the intestate, in full payment and satisfaction for the same; and that there was no evidence, legal and competent in its nature, sustaining the judgment of his Honor that the same was an advancement.

"Fourth. Because his Honor erred, it is respectfully submitted, in not holding and deciding that the said William McCutchen, deceased, and his heirs, to wit: his widow and children, the defendants in said action, had acquired a perfect title to said tract of land by the presumption of a grant from the State, by the presumption of a deed from the intestate, by an adverse possession continuous in the said William McCutchen during his life time, and since his death by his widow and children, for more than twenty-two years prior to the death of the intestate, and in failing and refusing to apply in favor of the defendants the plea of the statute of limitations, presumptions of the law arising from said incontestible state of facts, and in holding and deciding

that the possession of the said William McCutchen was permissive.

"Fifth. Because his Honor erred, it is respectfully submitted, in holding that said tract of land was an advancement, when there was no testimony to sustain such finding; and in not holding that the said tract of land was purchased by the son of the intestate, the overwhelming testimony being to that effect, and there being no testimony to the contrary.

"Sixth. Because his Honor erred, it is respectfully submitted, in not deciding the question of the value of said alleged advancement, the same being the main issue in the cause upon such alleged advancement, testimony having been adduced on both sides to said points in issue, and the whole case having been fully submitted by both parties to the cause upon the testimony as taken by the referee.

"Seventh. Because his Honor erred, it is respectfully submitted, in remitting the question of the value of said alleged advancement, and the further question of the amount and value of improvements made upon said tract of land by the said William McCutchen, deceased, and his heirs, the defendants, to a board of commissioners in partition, for that thereby his Honor has precluded the Court from deciding the question of the value of such advancement and of the improvements thereon, and has remitted the determination of same to a tribunal, to wit: a board of commissioners, contrary to the law in such cases made and provided.

"Eighth. Because his Honor erred, it is respectfully submitted, in not referring the question of the value of said alleged advancement and of the improvements upon same back to the Court itself, or the special referee appointed in said cause.

"Ninth. Because his Honor erred, it is respectfully submitted, in holding and deciding that the inheritance of the defendant, Mrs. Mary J. Durant, in the estate of her deceased husband, William McCutchen, is chargeable with the

amount and value of the alleged advancement to the said William McCutchen, deceased.

"Tenth. Because the decree of his Honor, it is respectfully submitted, is inconclusive and contradictory, for that his Honor held in one portion of the said decree that the defendants in said action are entitled to seven-tenths of the estate of the intestate, and in another portion of the decree that they were entitled to seven-twenty-fourths of the whole estate of the intestate.

"Eleventh. For that his Honor erred, it is respectfully submitted, in failing to pass upon the accounts of the administrator of said intestate, and in not ordering and directing said administrator to pay over the amount due to the defendants at the foot of his accounts, all of which were in evidence."

*Messrs. Lee & Moise,* for appellants, cite: *Declarations of deceased in his favor many years after transaction are incompetent:* 1 Green. Ev., 16 ed., 147-8; 29 S. C., 238; 1 Strob., 63; 7 Rich. L., 67; Code of Proc., 400. *Rule in this Court as to findings below in equity causes:* 8 S. C., 347; 11 S. C., 56; 19 S. C., 217; 45 S. C., 503; 47 S. C., 347. *Advancement is not presumed where father buys land and takes title in his own name:* 32 S. C., 597. *Rule for valuation of advancements:* 53 S. C., 358; 21 S. C., 538; Code 1902, 2405. *Parol gift and adverse possession for statutory period confers title:* 2 Hill, 487, 491; 9 S. C., 265; 71 S. C., 518, 426; 59 S. C., 440; 53 S. C., 220. *Opportunity to litigate in one case bars making same point in another:* Bail. Eq., 107, 324; Rich. Eq. Cas., 46.

*Messrs. Haynesworth* and *Haynesworth* and *McLeod & Dennis,* contra. *Messrs Haynesworth* and *Haynesworth* cite: *Declarations of deceased are admissible here as part of res gestae:* 24 Ency., 672, 674; 9 Ency., 6; 47 S. C., 488; 57 S. C., 376. *Permission to occupy is a mere accommodation:* 5 Rich. Eq., 9. *Value of advancements:* 2 McC.

Ch., 104; 11 S. C., 36; 25 S. C., 64; 21 S. C., 535; 1 Strob. Eq., 122; 11 Rich. Eq., 86; 10 S. C., 110; 53 S. C., 350. *Inference from purchasing land and putting son in possession is advancement:* 29 Ind., 249; 32 Ind., 155; 6 W. R., 769; 119 Ill., 151; 110 Ind., 444; 101 Ind., 160; 3 Cent. R., 777; 12 Cent. R., 231; 35 L. R. A., 365.

*Messrs. McLeod & Dennis* cite: *Purchase of land by father and putting son in possession is prima facie an advancement:* 11 Rich. Eq., 86; 2 Strob. Eq., 148; 65 S. C., 493; 1 Strob. Eq., 122; 11 Rich. Eq., 86; 10 S. C., 110.

May 20, 1907. The opinion of the Court was delivered by

Mr. JUSTICE GARY. The facts of this case are fully set out in the decree of the Circuit Court, which, together with the exceptions, will be reported.

The first question that will be considered is whether the Circuit Judge erred in finding that the tract of land containing one hundred forty-nine and one-half acres was intended to be an advancement to William McCutchen, deceased, and that the same should be charged as such against his widow and children.

It is admitted that B. J. Barrett conveyed the land in question to Elias J. McCutchen on the 27th of December, 1880, in consideration of $2,242.50.

The testimony introduced both by the plaintiffs and the defendants shows that William McCutchen entered into possession of the land in 1881, by permission of his father, Elias J. McCutchen. These facts unexplained were sufficient to show that said land was subject to partition, and cast upon the defendants the burden of proving otherwise.

There were two ways in which the appellants might have shown that the land could not be considered as an advancement: First. By testimony to the effect that William McCutchen entered into possession of the land under an agree-

ment with Elias J. McCutchen, whereby William Mc-
Cutchen was to become the owner of the land in considera-
tion of the amount due him by Elias J. McCutchen for ser-
vices rendered. It would, however, be necessary to prove
such agreement by clear and definite testimony, which was
not done in this case. Second. By proving that the rights
of Elias J. McCutchen were barred by the statute of limita-
tions, adverse possession, or lapse of time sufficient to pre-
sume a grant.

The general rule as to the right of a party who has en-
tered into possession of land permissively, to show that he
has thereafter become the owner of the land, is stated in the
case of *Wilson* ads. *Weathersby,* 1 N. & McC., 373. In
that case the action was to try title; the jury rendered a ver-
dict in favor of the plaintiff, and the defendant made a
motion for a new trial on the following grounds:

"1. Because the Court refused to permit the defendant to
give in evidence his title, there being no evidence that he
was the tenant of the plaintiff at the time of acquiring the
same.

"2. That the defendant was not, at any time, the tenant
of the plaintiff."

On the first ground the Court used this language: "The
evidence offered by the defendant was of a title acquired by
him *after* he went into *possession under the plaintiff,* and
before he gave up possession. If he was at any time the
tenant of the plaintiff, he continues so till this time, unless
he had given up the possession. The attempt to evade the
rule of law, by going out of possession for a moment, and
then returning into possession, did not change his situation
at all, and especially as he left another person in possession;
so that his possession was altogether unbroken. A distinct
and *bona fide* abandonment of the possession, at least, was
necessary to have put him in a situation to dispute the plain-
tiff's title."

On the second ground the Court said: "The defendant
was not indeed, a *tenant,* under a *lease for years, reserving*

*rent,* but he, nevertheless, held *under* the plaintiff. But this ground is founded on a misconception of the principle, which is not confined to cases of *tenants,* in the common acceptation of that term; there cases have only furnished examples of the application of the principle, which is, that wheresoever a defendant has entered into possession under the plaintiff, he shall not be permitted, while he remains in possession, to dispute the plaintiff's title. He has a right to purchase any title he pleases, but he is bound *bona fide* to give up possession and to bring his action to try title and recover by the strength of his own title. *Jackson, ex dem. Smith* v. *Stewart,* 6 John. Rep., 34; *Galloway* v. *Ogle,* 2 Binney, 471."

This principle, however, does not apply when there has been a disclaimer of tenancy, unequivocal notice of that fact to the landlord, and a subsequent adverse possession for the statutory term. *Milhouse* v. *Patrick,* 6 Rich., 350. Nor does it apply where there has been an adverse holding for a length of time sufficient to raise the presumption of a grant.

From the facts in this case it cannot reasonably be inferred that the possession of William McCutchen ceased to be permissive, that he or his heirs acquired a title by adverse possession, or that his possession was such as to raise the preumption of a grant.

We next consider whether his Honor, the Circuit Judge, erred in his rulings as to the admissibility of testimony, as charged in the second exception, which is as follows: "Because his Honor erred, it is respectfully submitted, in receiving and considering the testimony for the plaintiffs, over the objection of the defendants, as to the declarations of the intestate with reference to the said tract of land as an advancement, and that he erred in receiving and considering the testimony of the witnesses for the plaintiffs, Thomas J. McCutchen, James E. McCutchen, and others, in reference thereto, and should have held that the declarations of the intestate were hearsay, were self-serving

declarations, and were within the inhibition of section 400 of the Code of Procedure."

It is admitted on all hands that William McCutchen entered under his father, and there is no sufficient evidence that he ever acquired title by grant or by the necessary adverse possession. Therefore, as we have seen, the utmost his heirs could claim would be that the land was given to him as an advancement. As the law placed upon William and his heirs the burden of supporting their claim, by showing that William had become the owner of the land under an agreement that he should have it in consideration of services rendered, or by adverse possession, and as they have failed to make such proof, the presumption of law was that it was held by William and his heirs as an advancement from his father. In this view the declarations of Dr. McCutchen as to his title or his intention that William should have the land as an advancement were not material, and even if they were excluded the result would be the same.

The last question for consideration is whether the Circuit Judge erred in ordering that the value of the land and the amount of the improvements should be determined by commissioners. This question merely involved the exercise of a discretionary power on the part of the Judge, and it has not been made to appear that his discretion was abused.

The tenth exception was abandoned.

The conclusion of the Court upon the foregoing questions is without prejudice to the right of the parties to the accounting mentioned in the eleventh exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.