7021

## MITCHELL v. ALLEN.

1. Life Estate—Trust deed conveying land in trust for use of M. during her natural life and afterwards in trust for F. until he shall arrive at full age, and in case F. should die during minority, then over, carries to M. a life estate until F. attains his majority, when he takes an absolute fee.

2. EVIDENCE—DEEDS.—It was proper to admit in evidence in this case under the proof the trust deed of 1851 on the issue of the delivery of the trust deed of 1843.

3. ESTOPPEL.—In this case the doctrine of estoppel applies, as it was in dispute whether the trust deed under which plaintiff claims was ever delivered.

4. LANDLORD AND TENANT.—ADVERSE POSSESSION—PRESUMPTION.—The doctrine that one going into possession of land under another, who is also in possession, cannot dispute the title of him under whom he enters without surrendering possession, does not apply where there has been a disclaimer of tenancy, unequivocal notice thereof to the owner and subsequent adverse possession for the statutory period, or for a sufficient time to raise the presumption of a grant.

5. EVIDENCE—NONSUIT.—Incompetent evidence admitted without objection cannot be disregarded on motion for nonsuit, but its effect must be left to the jury.

6. ADDITIONAL GROUNDS.—Order directing a verdict cannot be sustained on ground that trial Judge erred in admission of evidence.

7. REHEARING refused.

Before WATTS, J., Spartanburg, October term, 1907. Reversed.

Action by Minnie V. Mitchell and Margaret Mitchell against J. W. Allen. From judgment for plaintiff, defendant appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *Adult plaintiff is estopped because she actively encouraged defendant to believe he was getting a good title:* 67 S. C., 454; 2 Pom. Eq., sec. 803; 12 S. C., 354; 100 U. S., 578; 102 U. S., 68; 4 A. & E. Dec. in Eq., 258; 70 S. C., 206; 79 S. C., 281. *Deed of trust not accepted is not effective:* 1 Berry on Trusts, sec. 81. *That a trust deed was sealed, probated and recorded is not conclusive of its delivery:* 23 S. C., 91; 24 S. C., 597; 44 S. C., 371.

*Messrs. Carlisle & Carlisle* and *Joseph A. McCullough,* contra, cite: *The evidence here shows delivery of deed of 1843:* 13 Cyc., 746; 46 S. E., 728; 9 Rich. Eq., 306; 4

McC., 198; Rice Eq., 244; 10 Rich. Eq., 358; 19 S. C., 216; 6 S. C., 122. *Those claiming through Margaret Trimmier are estopped from denying the delivery of the deed:* 25 S. C., 521; 26 S. C., 160; 38 S. C., 393; 6 Rich., 270; 16 Cyc., 684; 11 Ency., 391; 3 So., 649; 15 So., 450. *There could be no adverse holding of parent against child, or vice versa:* 1 Cyc., 1050; 1 Ency., 821; 12 Pac., 186; 89 S. W., 193. *Defendant here cannot set up estoppel against plaintiff:* 11 Ency., 434; 42 S. C., 351; 26 S. C., 186; 31 S. C., 154; 13 S. C., 29.

The opinion herein was filed July 28, but remittitur held up on petition for rehearing until

September 19, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover a lot of land in the city of Spartanburg.

The land in question and the lot involved in the case of *Mitchell* v. *Cleveland,* 76 S. C., 432, 57 S. E., 33, were parts of the same tract of land, and the facts in that case were similar to those in the case under consideration, except in the particular hereinafter mentioned.

One of the plaintiffs' sources of title is a deed alleged to have been executed by H. J. Rowland to Hiram Mitchell, as trustee, on the 25th of May, 1843.

After the trial of the case of *Mitchell* v. *Cleveland, supra,* the original deed of 1843, and a subsequent deed executed in 1851, from the same grantor, H. J. Rowland, embracing the same land, but to a different trustee, were found in an old Bible; both deeds were introduced in evidence on the trial of this case—the deed of 1843 by the plaintiffs, and that of 1851 by the defendant.

The trusts in the two deeds were different; on the deed of 1851 there was an acceptance of the trust by the trustee, Theodore G. Trimmier, but none on the deed of 1843 by

the trustee, Hiram Mitchell; on the deed of 1851 the dower of the grantor's wife was renounced, but not on the deed of 1843; the deed of 1843 was recorded in August, 1843, but that of 1851 was never recorded.

At the close of the testimony his Honor, the presiding Judge, directed a verdict in favor of the plaintiffs, and the defendant appealed.

In construing the deed of 1851, his Honor, the presiding Judge, used this language: "I am clearly of the opinion, under the deed, that Mr. Trimmier took the life estate until Frank Trimmier became twenty-one years of age; and under the terms of the deed, when he became twenty-one years of age, he took an absolute fee simple title to all the estate," and this is made the basis of the first assignment of error.

By that deed the land was conveyed to the trustee, "in trust to and for the use, benefit and behoof of the aforesaid Margaret Trimmier, for and during the term of her natural life—to use, occupy and enjoy the same, or to receive the rents and profits during the time aforesaid—and afterwards in trust to and for the use, benefit and behoof of Francis M. Trimmier, youngest son of said Margaret Trimmier, until such time as he shall arrive at full age, to receive the same absolutely and free from any trust herein raised, if the said Margaret should die during the minority of the said Francis M. Trimmier; but if the said Margaret should survive the coming to majority of the said Francis M. Trimmier, then in trust to make over and dispose to the said Francis absolutely, in fee simple and free from any trust, the said premises. And in trust further to the said T. G. Trimmier, or to his successor, to be appointed, as aforesaid, if need be—if the said Francis Marion Trimmier should die, leaving no issue lawfully begotten, before the said time shall come, as herein provided—when he might take the estate, as before directed, then to dispose of the said premises, with all and singular the rights, hereditaments and appurtenances, to the same in anywise belonging,

and to convey the same, absolutely, to Margaret L. Trimmier, only daughter of the said Margaret Trimmier, and to Thomas J. Trimmier and their heirs forever. But if the said Francis M. Trimmier should die before attaining to full age, leaving issue lawfully begotten, then in trust to him; the said T. G. Trimmier, to convey the said premises to the issue of the said Francis M. Trimmier and their heirs forever."

This Court is satisfied that his Honor, the Circuit Judge, placed the proper construction upon the deed, and the exceptions raising this question are overruled.

We proceed to consider whether the presiding Judge erred in directing a verdict for the plaintiffs, and in thus refusing to submit to the jury the question of fact, whether the testimony established the delivery of the deed of 1843.

When the defendant's attorneys offered to introduce in evidence the deed of 1851, objection was interposed by the plaintiffs' attorneys, whereupon his Honor ruled as follows: "I have concluded to allow it to go in, for what it is worth, on the question whether or not the deed by H. J. Rowland to Hiram Mitchell, in 1843, was delivered or not. The deed from H. J. Rowland to Hiram Mitchell, dated 1843, has been duly recorded in the proper office of Spartanburg District. It comes in on the presumption of having been delivered, and the fact that later on another deed was executed and delivered to Mr. Trimmier, as trustee, could not possibly affect this deed. * * * Still, however, I have concluded to submit to the jury, as to whether that deed was delivered, and let the other deed come in, as a circumstance for the jury to pass upon."

The presiding Judge ruled correctly when he allowed the deed of 1851 to be introduced in evidence, upon the question of the delivery of the first deed, but was in error when he afterwards directed a verdict in favor of the plaintiffs. *Carrigan* v. *Byrd*, 23 S. C., 89; *Coln* v. *Coln*, 34 S. C., 596; *Johnson* v. *Johnson*, 44 S. C., 364, 22 S. E., 419.

The next assignment of error is as follows: "Because the presiding Judge erred in holding, as requested by the plaintiffs, that there could be no estoppel in this case, and in, therefore, directing a verdict in favor of the plaintiffs, on the issue of estoppel, when he should have held that there was testimony in the case tending to establish the defense of estoppel, and should have submitted that issue to the jury, under proper instructions."

It is true this Court held, in the case of *Mitchell* v. *Cleveland,* 76 S. C., 432, 57 S. E., 33, that the doctrine of estoppel was not applicable in that case; but the ruling was based upon the fact that Margaret Trimmier had a life estate, and that the rights of the remainderman could not be affected injuriously by the acts of others during the continuance of the life estate; whereas, in the present case, the delivery of the deed of 1843 is in issue; and, after F. M. Trimmier attained his majority, the life tenant had no longer any estate under the deed of of 1851.

The presiding Judge, therefore, erred in ruling that the doctrine of estoppel was inapplicable to the facts of this case.

The next error assigned is: "Because the presiding Judge, having held that the deed of 1851 gave F. M. Trimmier an absolute estate in the land, at his maturity, freed of the burden of Margaret Trimmier's life estate, erred in directing a verdict for the plaintiff and in not submitting to the jury the question whether, on or after his majority, Margaret Trimmier, by her acts and conduct, had put in operation the statute of limitations against F. M. Trimmier, and had afterwards perfected her life title to the land by adverse possession."

Mrs. T. R. Trimmier, a witness for the defendant, testified as follows: "Q. I wish you would state whether you ever heard any statement, made by Mrs. Margaret Trimmier to F. M. Trimmier, in reference to this property. Mr. Carlisle: We object. The Court: I will allow the question. Exception noted. A. I have heard her tell him it

was her place, and he had no right or privilege; she would do as she pleased; it was her place, and she would do as she pleased. Q. You remember any particular occasion on which that particular conversation occurred? A. It was so frequent I cannot specify. On that special occasion he was talking at the time about widening the street, and she objected to her trees being moved. She said it was her place, and she would do as she pleased with it. I have heard her say times without number it was hers. Q. In his presence? A. Yes, sir. Q. Have you heard him at any time make any objection to or protest against it? A. No, sir. Q. Never at any time? A. No, sir.

"Mr. McCullough: We object to that on the ground that it is incompetent for the mother to originate or hold adverse possession against a son, if the son has a legal title, so long as they lived together; and, upon the further ground, that the mother had a life estate and had a right. The Court: That part is a circumstance for the jury."

L. E. Farley, another witness for the defendant, testified as follows: "Q. Did you know Captain Trimmier? A. Yes, sir. Q. You knew his mother, Mrs. Margaret Trimmier? A. Yes, sir. Q. Did you ever hear any conversation between Captain Trimmier and any person as to who owned the place they both lived at, on Magnolia street? A. What conversation do you refer to? I heard several conversations at Captain Trimmier's house; but on one occasion one question arose in regard to widening Magnolia street, and I heard her make some objection, and then, afterwards, I heard Captain Trimmier talk to some parties, and he said: 'Well, I will have to consult my mother about it.'

"Mr. McCullough: We renew our objection to that testimony, also, upon the ground that Mrs. Trimmier cannot, by any act of hers, set up a claim of adverse possession during her life tenancy; and, in the second place, she cannot claim adversely to her son, Frank Trimmier, as long as they live together. The Court: I will allow it to come in."

If a person even enters into possession of land under another, and the person under whom he entered is also in possession, the doctrine that he cannot dispute the title of the person permitting him to enter, without surrendering possession, does not apply where there has been a disclaimer of tenancy, unequivocal notice of that fact to the person under whom he entered, and a subsequent adverse possession for the statutory period. Nor does it apply when there has been an adverse holding for a length of time sufficient to raise the presumption of a grant. *McCutchen* v. *Mc-Cutchen,* 77 S. C., 129, 57 S. E., 678.

As there was testimony to the effect that Margaret Trimmier held possession of the lot, adversely to F. M. Trimmier, the question of adverse possession should have been submitted to the jury.

Even if it could be successfully contended that the testimony of said witnesses was incompetent to show adverse possession, nevertheless there was error in withdrawing the case from the jury. "If testimony is received without objection which would otherwise be incompetent, it becomes competent and cannot be disregarded upon a motion for nonsuit, but its sufficiency must be left to the jury." *Ashe* v. *Ry. Co.,* 65 S. C., 134, 43 S. E., 393; *Latimer* v. *Trowbridge,* 52 S. C., 193, 29 S. E., 634; *Blowers* v. *Ry. Co.,* 70 S. C., 377, 50 S. E., 19; *Lee* v. *Unkefer,* 77 S. C., 460, 58 S. E., 343.

This exception is sustained.

These views practically dispose of all questions presented by the appellant's exceptions.

The respondent's attorneys, however, have given notice that they would ask that the decision of the Circuit Judge be sustained, upon the additional ground that the deed of 1851 should not have been admitted in evidence, for the following reasons:

(1). "Because it appears from the testimony that the deed of 1843 was signed, sealed and delivered, and that,

therefore, no subsequent conveyance by the grantee could affect the rights of the parties under the deed of 1843.

(2). "Upon the ground that the provisions of the alleged deed of 1851 do not affect or vary the estate of the plaintiff as determined by the deed of 1843."

What was said in considering the appellant's exceptions disposes of these grounds.

Furthermore, on appeal from an order directing a verdict, the respondent can not ask that it be sustained on the ground that the presiding Judge erred in the admission of testimony. *Lewis* v. *Hinson,* 64 S. C., 571.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

September 19, 1908.    PER CURIAM.    After careful consideration of the petition herein, the Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition for a rehearing be dismissed and that the order heretofore granted staying the remittitur be revoked.