STEFFENS & SONS v. BULWINKLE & CO.

1. TRIAL OF CAUSE—DOCKET—CODE, SEC. 276, CONSTRUED.—Plaintiff cannot obtain the trial of a case not docketed fourteen days before the term, even though he has filed same in time with proper endorsements, and on motion, on first day of term, trial Judge had ordered case put on calendar. *Construing* sec. 276 of Code.

2. CASES DISTINGUISHED.—*Brown* v. *Buttz*, 15 S. C., 488; *Davidson* v. *Middleton*, 3 Rich., 349; *Armstrong* v. *Austin*, 45 S. C., 69, distinguished from this.

Before BENET, J., Charleston, March, 1896. Reversed.

Action by George W. Steffens & Sons against H. Bulwinkle & Co., on money demand. The following is the intermediate order upon which the appeal is based:

This case appears upon Calendar 1 for the March term of this Court, and a motion is made by defendants' counsel to strike the case from the docket as having been improperly placed thereon. The facts are admitted to be as follows: Summons and complaint were served on the defendants on December 5th, and on sundry dates prior thereto, the last service having been made on December 5th, 1895. The joint and several answer of all the defendants was served December 20th, 1895. On the 4th of January, 1896, the plaintiffs, through their counsel, filed in the clerk's office the summons and complaint in the cause, the following direction being endorsed thereon: "Issue of fact. Place on

Calendar 1. Trenholm, Rhett & Miller." The clerk failed to place the case upon Calendar 1 until the 2d of March, 1896, the day fixed by law for the opening of the Court of Common Pleas. On that day, without the knowledge of the defendants' attorneys, under oral instructions of the presiding Judge, based upon an affidavit on behalf of plaintiffs, setting forth the foregoing facts, and without prejudice to the rights of the defendants, the case was placed upon Calendar 1 by A. Y. Walton, a clerk in the office of the clerk of this Court, under instructions of F. J. Winkler, deputy clerk of this Court. Defendants claim that the case should have been placed by the clerk upon Calendar 1 fourteen days before the time fixed for the opening of the Court, and that by his failure so to do plaintiffs have lost the right to have the case placed thereon at any subsequent date and to ask for a trial at the present term of the Court. Section 276 of the Code requires that "in all issues to be tried by the Court or a jury, the plaintiff shall, at least fourteen days before Court, file in the clerk's office the summons and complaint in the cause, endorsing thereon the nature of the issue and the number of the calendar upon which the same shall be placed." Section 280 provides, "that either party complying with the requirements of sec. 276 may bring the issue to trial." Rule 26 of the Circuit Court forbids the clerk to enter a cause on the calendar until the pleadings are made up. The pleadings in this case, as appears from the record, were made up on the 20th of December, 1895. So far, therefore, as this rule is concerned, the case could have been placed on the calendar at any time subsequent to that date. The right to a trial appears to be dependent, not upon the act of the clerk, but upon that of the parties themselves, and the plaintiffs having complied with the requirements of the Code by filing the summons and complaint in the clerk's office with the proper endorsements thereon, fourteen days before the beginning of the Court, and the pleadings having been previously made up, they are, in my judgment, entitled to a trial at this term.

The motion to strike the case from the calendar is, there-fore, refused, without prejudice, however, to the right of the defendants, if they be so advised, to move for a continuance upon the ground of surprise.

The defendants filed the following exceptions to this order:

First. Because said case had been improperly and illegally entered upon said Calendar No. 1 of said Court, and the presiding Judge erred in holding that said case had been properly entered thereon. Second. Because the said pre-siding Judge erred in refusing to order that the said case should be stricken from said calendar.

The case was tried on 8th April, 1896, and a verdict ren-dered in favor of plaintiffs for $2,679.30, which was entered up on 28th April, 1896, in the sum of $2,685.30. The de-fendants appeal, on the following grounds:

I. Because the presiding Judge erred in making the order dated 23d March, 1896, and the amended order dated 26th March, 1896, refusing thereby the motion to strike the said case from Calendar No. 1 of the Court of Common Pleas aforesaid; the said case not having been placed on said cal-endar until the 2d March, 1896, the first day of that term of the said Court, instead of fourteen days prior to said date.

II. Because the presiding Judge erred in again refusing the motion to strike the case from the calendar as having been placed thereon contrary to law, which motion, by leave of Court, was renewed at the commencement of the trial by the attorneys for the defendants.

III. Because the presiding Judge erred in ordering the said case for trial against the objection of the said defendants.

IV. Because the presiding Judge erred in making his verbal order directing the clerk of court to enter said case on the said calendar within fourteen days before the day appointed by law for the opening of the Court, and with-out notice to the defendants.

*Messrs. Ficken, Hughes & Ficken*, for appellant, cite: Code, 276; 46 S. C., 499.

*Messrs. Trenholm, Rhett & Miller*, contra, cite: Code, 276, 280; 15 S. C., 488; 3 Rich., 349; 45 S. C., 69.

Feb. 26, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action on a money demand to recover the amount alleged to be due on a note, whereby the defendants promised to pay to the plaintiffs a certain sum of money therein specified. The pleadings were made up and the issues joined on the 20th of December, 1895. On the 4th of January, 1896, the plaintiffs, through their counsel, filed in the office of the clerk of the Court of Common Pleas for Charleston County the summons and complaint in the action, with the following endorsement thereon: "Issue of fact. Place on Calendar 1. Trenholm, Rhett & Miller." The clerk, however, failed to docket the case until the 2d of March, 1896, the day appointed by law for the opening of said Court, on which day, by the verbal direction of his Honor, Judge Benet, the presiding Judge at that term, the case was docketed by the clerk on the proper calendar. These directions by Judge Benet were given upon the application of the attorneys for plaintiffs, based upon an affidavit setting forth the fact that the summons and complaint, with the endorsement thereon above stated, were delivered to the clerk on the 4th of January, 1896, and that the clerk acting at that time "failed to file and docket said cause as requested." This application to and verbal order of the Judge were made without notice to or knowledge of the attorneys for defendants, and the order was made "without prejudice to the rights of the defendants."

Upon the call of the cases upon Calendar 1 at the March term of the Court of Common Pleas for Charleston County, in the year 1896, the defendants' attorneys moved to strike this case from the docket, on the ground that it had been improperly placed thereon. This motion was refused by an order of Judge Benet, bearing date 23d March 1896, which was subsequently amended by another order, bearing

date the 26th March, 1896.　To this order, the attorneys
for defendants noted the exceptions set out in the "Case."
The case was called for trial during the same term, to wit:
on the 8th of April, 1896, when attorneys for defendants,
before the pleadings· were read, renewed their motion to
strike the case from the docket, on the ground that the
same was improperly entered thereon; and that motion be-
ing refused, they moved for a continuance of the cause,
which was likewise refused, to all of which exceptions were
duly taken.　The trial then proceeded, and resulted in a
judgment in favor of the plaintiffs.　From this judgment,
as well as from the previous orders in the cause, defendants
appeal upon the several grounds set out in the record.　The
amended order of Judge Benet, together with the exceptions
thereto, as well as the grounds of appeal, should be incor-
porated in the report of the case.

Practically, there is but a single question presented by
this appeal, to wit: whether the case can be regarded as
properly docketed for trial, at the term of the Court
commencing on the 2d of March, 1896.　This de-
pends upon the proper construction of the first para-
graph of sec. 276 of the Code of Procedure, which, as set
forth in Rev. Stat. of 1893, reads as follows: "In all issues
to be tried by the court or a jury, the plaintiff shall, at least
fourteen days before court, file in the clerk's office the sum-
mons and complaint in the cause, endorsing thereon the
nature of the issue and the number of the calendar upon
which the same shall be placed; and if the plaintiff fail so
to do, the defendant, seven days before the court, may file
copies of said papers with a like endorsement, and the clerk
shall thereupon place said cause upon its appropriate calen-
dar, and it shall stand for trial without any further notice
of trial or notice of issue"——the balance of the section not
being pertinent to the present inquiry.　It may be noted
here, however, that in the compilation of the Code of Pro-
cedure as a part of the Rev. Stat. of 1893, an important
word—"forthwith"—is omitted in sec. 276, for in the act

of 1887, 19 Stat., 836, amending section 276 of the Code,
as it appeared in the Gen. Stat. of 1882, it is provided that
the clerk, after the summons and complaint, with the re-
quired endorsement, are filed in his office, "shall thereupon
*forthwith* enter said cause upon its appropriate docket, and
it shall stand for trial without any further notice of trial or
notice of issue." It must also be remembered that in the
Code, as originally adopted, the provision in regard to no-
tice of trial required that the notice of trial should be given
by *the party* who desired a trial, but this provision was
subsequently amended, first by the act of 25th November,
1873, XV. Stat., 498, and next by the act of 1887, above
referred to, which contains the law as it now stands. And
as is well said by Mr. Justice Jones, in the case of *Bank of
Camden* v. *Thompson*, 46 S. C., at page 502: "The scheme of
the Code of Civil Procedure in this section evidently is that,
in lieu of former notice of trial, cases shall be docketed on
their appropriate calendars as soon as filed and endorsed as
required, and if so docketed at least fourteen days before
court, they stand for hearing at the ensuing term of court
without other notice. The filing and endorsing are pre-
requisite for docketing, *but the docketing fourteen days before
court is the notice of trial* (italics ours). Any one interested,
by consulting the dockets or calendars of the court, open
to his inspection, may know, at least fourteen days before
court, what causes stand for trial, and not be taken by sur-
prise." Under this authoritative construction of the statute,
it is obvious that no notice of trial, such as required by
statute, was given in this case, and hence it did not "stand
for trial" at the term of the court commencing on the 2d
of March, 1896. Consequently, the Circuit Judge erred in
ruling otherwise.

The cases cited by respondent's counsel do not apply. In
*Brown* v. *Buttz*, 15 S. C., 488, no such question as is here
presented arose. In that case, the clerk, by mistake,
docketed the case on Calendar 2 instead of Calendar 1,
as was intended, and when the mistake was discov-

ered, after the juries had been discharged, the case was trans-
ferred to Calendar 1, upon which calendar the defendant
made a motion to dismiss the complaint upon the ground
that it did not state facts sufficient to constitute a cause of
action, which was granted. It does not appear, in the re-
port of the case, that any objection was made to the hearing
of this motion upon the ground that a notice of trial had
not been given, but, as we infer from plaintiff's first ground
of appeal, the ground taken was that such a motion could
not be heard "before the trial of the case and without notice
to the plaintiff." In response to this position, the Court
said: "It was a preliminary motion, and necessarily preceded
the trial, and could be heard as well in the absence of the
jury as if they were present." The case of *Davidson* v.
*Middleton*, 3 Rich., 349, having been decided prior to the
adoption of the Code, when there was no statute requiring
a notice of trial, is manifestly inapplicable. In *Armstrong*
v. *Austin*, 45 S. C., 69, no such question as that which is
here presented arose. There the question was, whether the
fact that the mortgage there in question, though recorded,
was not indexed, defeated its effect as notice under the
recording act. The Court held that, inasmuch as the act
did not make indexing a part of the required recording, it
was not necessary, to the validity of the recording, that the
book in which it was recorded should be indexed, the Court
saying: "There is nothing in the statute making the index-
ing any part of the recording; and, therefore, the failure of
the officer to perform a duty imposed upon him by a sepa-
rate statutory provision, while it may subject him to an
action, at the instance of a party who may suffer at his de-
fault, yet cannot affect the validity or effect of the record-
ing." Here, however, as we have seen, it is the act of the
clerk which gives the notice of trial, and if that act is not
done, then no notice of trial has been given. If it had ap-
peared, in the case of *Armstrong* v. *Austin*, that the mort-
gagee had delivered his mortgage to the clerk for record,
and the clerk had neglected to record it, and the Court had

ruled that the failure of the clerk to perform his duty should not operate to the prejudice of the mortgagee, then that case would have been more analogous to the case under consideration; but no such fact appeared, and no such ruling was made in that case, and it is not, therefore, applicable.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.