#### FRETWELL v. PEARMAN *ET AL.*

#### (133 S. E., 433)

1. TRIAL.—Credibility of witnesses and weight of testimony is for jury.

2. REGISTERS OF DEEDS—IN ACTION FOR DAMAGES FOR FAILURE OF COUNTY CLERK TO PROPERLY INDEX A DULY RECORDED MORTGAGE ON PROPERTY PURCHASED BY PLAINTIFF, EVIDENCE HELD INSUFFICIENT TO ENTITLE PLAINTIFF TO DIRECTED VERDICT.—In action by purchaser of land against county clerk and his sureties for damages for failure to properly index duly recorded mortgage on the property purchased, evidence *held* susceptible of more than one inference and insufficient to entitle plaintiff to a directed verdict.

Before MAULDIN, J., Anderson, March, 1925. Reversed.

Action by J. J. Fretwell against James N. Pearman and another. Judgment on directed verdict for plaintiff, and defendants appeal.

*Messrs. Rutledge, Hyde, Mann & Figg* and *Samuel M. Wolfe,* for appellants, cite: *Directed verdict improper:* 127 S. E., 724. *Recordation of mortgages; effect:* Civ. Code, 1922, Secs. 2179 and 5312. *Effect of failure to index recorded mortgage:* 57 S. E., 33; 76 Pa., 398; 18 Am. Rep., 416. *Negligence must be proximate cause of injury to warrant recovery for negligence:* 128 S. E., 10. *Liability of recording officer for error of judgment in indexing records:* 99 Tenn., 409; 42 S. E., 34; 34 Cyc., 587. *Payment by surety not to discharge judgment against principal:* Civ. Code, 1922, Sec. 5596.

*Messrs. J. M. Paget* and *A. H. Dagnall,* for respondent, cite: *Recordation of mortgages; effect of failure to index:* Civ. Code, 1922, Secs. 2179 and 5320; 76 S. C., 432; 67 S. C., 251; 45 S. C., 69; 23 R. C. L., 190; 34 Cyc., 588. *Liability of Clerks of Court for improper recordation:* 45 S. C., 80; 30 S. C., 342; 6 A. & E. Enc. of Law, 2nd Ed., 138; 5 R. C. L., 629.

May 26, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE PURDY.

The plaintiff respondent purchased a tract of land on the representations of his grantor that there were only two mortgages upon the land, for specified amounts, and the debts secured by these mortgages were assumed by the respondent and were to be paid by him as a part of the purchase money. It afterwards developed that there was a third mortgage upon the premises. The respondent sold the land to another with covenants of warranty, and there was a recovery against him on his warranty, in the sum of $3,-604.27. The respondent has brought suit against James N. Pearman, a former Clerk of Court of Anderson County, and American Surety Company of New York, the appellants, alleging that he purchased the land relying upon the representations made by his grantor and relying also upon the verity of the records in the Clerk's office, and that, owing to the failure of the Clerk of Court to have the third mortgage indexed, he had no means of knowing that there was such a mortgage, and that failure to index it resulted in his damage in the sum stated, and for this he brings suit against Pearman and his surety. The defendants have appeared and denied liability, claiming that if the respondent did not have actual notice of the mortgage, he had at least constructive notice of it, and that in any circumstances the appellants are not liable to answer in damages. Upon the conclusion of all the testimony, the plaintiff moved for and obtained a directed verdict for the full amount demanded in the complaint, and from the judgment entered, this appeal is brought to this Court.

Few authorities are cited by the counsel either for appellant or respondent, and there is not any conflict between the counsel as to the law governing the principles sought to be established. The issue must be settled by an examination of the testimony.

Counsel for appellant has correctly stated that even if certain parts of the testimony, standing alone, would entitle the plaintiff to a directed verdict, nevertheless such verdict could not be directed if the inference from all the testimony would not entitle the defendant to such instruction, citing *Dantzler v. Cox,* 75 S. C., 334; 55 S. E., 774. *State v. Abelson,* 108 S. C., 356; 94 S. E., 872.

The credibility of the witnesses and the weight of the testimony is for the jury. Taking all the testimony, this Court cannot say that only the one inference can be drawn from it. Therefore the case should have been submitted to the jury to pass upon the testimony.

To recite the testimony without attempting to comment upon it would not be profitable, and we have no power to comment upon it without invading the province of the jury, and therefore we have not attempted to cite any of the testimony.

The judgment appealed from is reversed, and a new trial is granted.

Reversed.

MESSRS. JUSTICES WATTS and BLEASE concur.

MESSRS. JUSTICES COTHRAN and STABLER dissent.

MR. CHIEF JUTICE GARY did not participate.

MR. JUSTICE COTHRAN (dissenting) : This is an action against Pearman, a former Clerk of Court in Anderson County, and the American Surety Company, surety upon his official bond, for damages in the sum of $3,604.27 with interest from January 5, 1925, on account of a loss sustained by the plaintiff, as alleged, by reason of the failure of the Clerk to properly index a certain mortgage which was of force at the time the plaintiff purchased the land upon which it was a lien. The mortgage had been duly lodged with the Clerk for record and had been recorded in full in the mortgage books, but, as alleged by the plaintiff, had not been properly indexed; and, in consequence, the plaintiff had to make good the amount of the mortgage to a purchaser of the premises from him.

The circumstances were these: In 1914 the plaintiff Fretwell conveyed a tract of land to one McClain; in 1915 McClain was appointed guardian of his minor brothers and sisters and gave bond with the United States Fidelity & Guaranty Company as surety; he executed to that company a mortgage upon the tract purchased from Fretwell to indemnify it from liability upon the bond; in 1918 McClain gave a mortgage upon the land to the Mutual Benefit Life Insurance Company for a large amount; in 1919 he gave a mortgage to Trowbridge for also a large amount; in 1919 after the date of the Trowbridge mortgage, McClain conveyed the tract of land to Fretwell, stating in the deed that the only incumbrances against the property were the two mortgages given to the insurance company and to Trowbridge; in this trade Fretwell assumed the payment of these two mortgages, knowing nothing of the mortgage given in 1915 to the United States Fidelity & Guaranty Company; both of the two last mortgages were properly reorded and indexed; in 1920 Fretwell conveyed the tract of land to one Campbell, with general warranty; thereafter McClain made default in his guardianship, and an action was brought by the wards against the United States Fidelity & Guaranty Company, in which they recovered a judgment for $3,-604.27, which was paid by the guaranty company; in subsequent litigation, the details of which need not be stated, the mortgage of the United States Fidelity & Guaranty Company was held to be the first lien upon the property to the extent of the amount paid by it as stated, and ordered foreclosed; in the same proceeding Campbell, the warrantee of Fretwell, was allowed judgment against him for the same amount, which he has paid and now seeks recoupment from the Clerk and the surety upon his official bond.

Upon the trial before Judge Mauldin and a jury, the Judge directed a verdict in favor of the plaintiff for the full amount claimed, and from the judgment entered thereon the defendants have appealed, mainly upon the ground of assigned error in the direction of a verdict.

This is not an action for damages based upon the failure of the Clerk to record the Guaranty Company mortgage, but for his failure to properly index the mortgage as recorded. The two matters stand upon entirely different footings. The Circuit Court, Judge Johnson presiding, decided, in one of the legal proceedings hereinbefore referred to, that the Clerk's failure to properly index the Guaranty Company's mortgage did not affect the priority of its lien so long as the mortgage was recorded. In this he is sustained by the decisions of this Court in *Armstrong v. Austin,* 45 S. C., 69; 22 S. E., 763; 29 L. R. A., 772. *Steffens v. Bulwinkle;* 48 S. C., 357; 26 S. E., 666. *Association v. Childs,* 67 S. C., 251; 45 S. E., 167. *Mitchell v. Cleveland,* 76 S. C., 432; 57 S. E., 33. See, also, *Dewey v. Sugg;* 109 N. C., 328; 13 S. E., 923; 14 L. R. A., 393. *Hilpire v. Claude,* 109 Iowa, 159; 80 N. W., 332; 46 L. R. A., 171; 77 Am. St. Rep., 524; note to 96 Am. St. Rep. at page 404. (Attention is called, in this connection, to the Act of 1925, 34 Stat., 1, which manifestly alters the rule announced in these decisions; it has no application, however, to this case.)

The plaintiff has conceded the correctness of the proposition, and "grievously has he answered it" by responding to an obligation of $3,600. While he is charged with constructive notice of the recording, the charge certainly does not extend to constructive notice of the Clerk's dereliction, if it existed.

The difference between the two matters is this: Under the recording act, the prior mortgagee must have his mortgage recorded within the required time in order that it be valid against subsequent conveyances or mortgages; the subsequent grantee or mortgagee may be accorded priority over a prior unrecorded mortgage without being required to show any act of diligence on his part in searching the records. One who brings an action against the Clerk for failing to index a mortgage recorded cannot recover without showing that the failure to index was the proximate cause

of his loss. The contrary would appear if he had made no search or had relied absolutely upon the representations of the mortgagor.

In the case of *Strain v. Babb,* 30 S. C., 342; 9 S. E., 271; 14 Am. St. Rep., 905, the Court holds that where a senior lien loses its rank through the Clerk's dereliction in the matter of recording, the measure of damages is the amount lost by the plaintiff through such neglect; that is, the loss must have been the proximate result of the dereliction.

In *Armstrong v. Austin,* 45 S. C., 69; 22 S. E., 763; 29 L. R. A., 772, the Court says:

"There is nothing in the statute making the indexing any part of the recording; and, therefore, the failure of the officer to perform a duty imposed upon him by a separate statutory provision, while it may subject him to an action, at the instance of a party who may suffer by his default, yet it cannot affect the validity or effect of the recording."

The indexing of a recorded mortgage is a duty imposed upon the recording officer by Section 2179, Vol. 3, Code of Laws, 1922; so much must be conceded by the defendants; and, if so, two questions arise in this appeal:

(1) In directing a verdict in favor of the plaintiff, was the Circuit Judge right in concluding that only one inference could be reasonably drawn from the evidence: That the Guaranty mortgage had not been properly indexed?

(2) If improperly indexed, in directing a verdict in favor of the plaintiff, was the Circuit Judge right in concluding that only one inference could be reasonably drawn from the evidence: That the failure to index the Guaranty mortgage was the proximate cause of the plaintiff's loss?

First, as to the indexing: I do not think that it can be seriously contended that there was the slightest evidence in the case of a proper indexing of the mortgage, sufficient to warrant the submission of that issue to the jury. The defendants have submitted an elaborate explanation of the system which obtained in the Clerk's office in reference to

filing, recording, and indexing. It amounts to nothing more than to elicit the admiration of the Court for the efficiency of an officer, which at least one member of the Court already entertains to a very high degree. But errors creep in with the most highly developed and efficient system, and when they do, and injury results, the law holds the officer responsible and not the innocent who have suffered. The attempted explanation of a lost sheet among the "loose leaf" parts of the book does not appeal to my judgment. The loose leaf, sample, a copy of the record book, does not sustain the theory of loss. It shows that the entries were made in chronological order, beginning with 1890 and running down to the bottom of the page to the year 1914, without a break, and the last line on that page, the natural place for the entry of the Guaranty mortgage, was blank, until years after, in 1923, it was filled in with that entry. The numbers of the record books follow in strictly numerical order, with one exception, from 31 to 110, the last being of a mortgage of 1914, which of necessity was entered before the 1915 mortgage. The argument that the last line was left blank on account of the typewriter not being capable of holding the sheet, and that the entry must have been upon another sheet with only one name, which had been overlooked and lost, will not avail, for the blank line is on page 144, and on the reverse side is page 145 fully completed.

The testimony of Griffin, bookkeeper of the plaintiff, is that he examined the records for other mortgages than the two mentioned in the deed, and found no index to the Guaranty mortgage; John K. Hood, a most careful lawyer, examined the title of McClain for the insurance company when it proposed to lend McClain $10,000 on a mortgage; he found no trace of the Guraranty mortgage. And to the same effect is the testimony of Mr. Prince and Mr. Pearman, equally careful and accurate abstracters. It seems to me impossible to draw any other inference, in the face of this overwhelming testimony, than that "some one has blundered"—the index was not there.

36—S. C. R.—134.

Second, as to the proximate cause: It goes without saying that Fretwell would not have made the trade if he had had knowledge of the Guaranty mortgage. But that is not the question; it is whether he made a proper effort, at the proper place, to find out whether there was any other lien upon the property, and whether he had such notice as should have put him upon inquiry.

It is a significant fact that he had conveyed the property to McClain in 1914, and in 1919 was preparing to take a reconveyance of it. He says that he did not employ a lawyer to examine the title. Why would he? If there was anything wrong with the title, his previous warranty to McClain would have held him, all that he needed to know was whether McClain had given other mortgages than the two which he (Fretwell) was to assume. He sent his man Griffin, an experienced man in such matters, to the register's office to find out. Griffin found what Hood and Prince and Dean Pearman had found—that there was no trace of any other mortgage. Much is made of Fretwell's statement that he asked McClain about other mortgages and "relied upon his representation" that there were none. The fact that he may have "relied" upon such statement evidently was not an absolute reliance in the face of his determination to have the records searched.

If this Guaranty mortgage had been discovered before the insurance company's mortgage had been taken care of, or the Trowbridge mortgage, could there be a doubt that the Court would have relied upon the statement of Mr. Hood or Mr. Prince or Mr. Dean Pearman? Then why not rely upon the statements of Fretwell and Griffin? There is no evidence in the case from which the inference could be drawn that Fretwell had knowledge of any facts which should have put him upon the inquiry; and there is not the slightest contradiction of the testimony tending to show that the failure to have the record of the mortgage indexed was the proximate cause of Fretwell's loss.

I think that Judge Mauldin's action in directing a verdict was entirely right, and that the judgment should therefore be affirmed.

Mr. Justice Stabler concurs.